MARVIN, Judge.
In this action for personal injury damages arising out of an altercation with other patrons in a Bossier City lounge, plaintiff appeals a summary judgment in favor of the lounge operator.
We find that the affidavits and deposition present genuine issues of material fact and reverse and remand. CCP Art. 966.
A lounge owner owes his customers the duty of reasonable care to protect them from insult, annoyance, or danger at the hands of other customers or lounge employees. Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir.1973); Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir. 1976); Freeman v. Bell, 366 So.2d 197 (La.App. 2d Cir.1979), writ ref. This duty extends to the calling of police if need be and if time permits. Anderson, supra.
Plaintiff’s deposition elaborates on her allegations. Plaintiff is an experienced bartender and manager. After completing her work, she went to defendant’s lounge about 12:30 a.m. She knows Steve Hucka-by and Mike Linton, the defendant’s son, who were in the lounge, and who were, according to plaintiff, intoxicated. Plaintiff also effectively states that Steve Huc-kaby and Mike Linton are easily provoked when they are drinking. She asserts that defendant was “quite familiar with [his son’s] quick temper and violent, bullying propensities” at the time in question.
In deposition and counter affidavit, plaintiff states that defendant had time to shout and require the fighting customers to leave, to call the police or threaten to do so, and that defendant did nothing to prevent his son and Steve Huckaby from continuing the altercation with a female customer or physically attacking plaintiff.
According to plaintiff, the altercation arose when a customer named Joan made some remarks to the wives of Steve Hucka-by and Mike Linton. When Joan got into a scuffle with Huckaby’s wife, Huckaby and Mike Linton allegedly grabbed Joan and started hitting her. Plaintiff shouted for them to stop hitting the female customer. When plaintiff arose from her chair, the two grabbed plaintiff and battered her, causing her injuries.
Defendant’s affidavit denied any knowledge of violent tendencies, or of the intoxication, of either or both Huckaby and defendant’s son. Defendant asserts that when the altercation arose he did all within his power to squelch it.
The propensities and intoxication of Huc-kaby and Mike Linton are genuinely disputed. Other factual disputes exist as to the time Huckaby and Linton had been drinking in the bar, whether defendant himself was intoxicated, and whether defendant had time to do more than he did to quell the argument between the women, the physical encounter with the first female customer, and the last encounter with plaintiff. Reasonableness of conduct is the legal issue and the material facts upon *1285 which that determination is made are genuinely disputed.
At appellee’s cost, the summary judgment is REVERSED and the case is remanded for further proceedings.