490 So.2d 664 (1986)
Willie J. JONES, Jr., Plaintiff-Appellant,
v.
KWIK KAROL AND GINALCO, INC. and Casualty Reciprocal Exchange, Defendants-Appellees.
No. 17888-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
Robert A. Jahnke, Shreveport, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons by James P. Bodenheimer, Shreveport, for defendants-appellees.
Before HALL, MARVIN and FRED W. JONES, JJ.
FRED W. JONES, Judge.
The patron of a convenience store appealed a judgment rejecting his demands against the store owner and its liability insurance carrier for personal injury damages which arose out of a beating intentionally inflicted upon the patron by two men of another race who were acting suspiciously while visiting the store before the patron arrived. Plaintiff's cause of action was based on the failure of the store attendant to reduce the risk of the harm to which the patron was exposed and to promptly take action when he allegedly knew or should have known that an altercation was imminent.
We reverse and render judgment for plaintiff against the store owner and its liability insurer.
*665 FACTS
The patron Jones, a black man, drove to the convenience store about 8:30 p.m. and parked behind another car at the gas pumps. The other car had its doors open but its two white male occupants were not pumping gas. Jones entered the store to prepay for gas as written instructions directed him and asked the attendant, Bonnett, about the men in the other car. Bonnett said he suspected the two were trying to obtain gas without paying for it, but that this would be impossible because Bonnett controlled the operation of the pumps from inside the store. Jones suggested that Bonnett call the police. Bonnett in effect said the situation was under control and told plaintiff to go out and pump his gas.
When Jones started filling his car with gas he was immediately subjected to verbal harassment by first one and then both of the two white men. Jones testified that when a white female, who was also pumping gas, told the men to cease harassing plaintiff they temporarily withdrew. Shortly thereafter the two appeared to be again moving toward Jones. He then called to a black female who had just parked near the store, asking her to tell the attendant to call the police. He could see she opened the door of the store and spoke with Bonnett while pointing toward Jones and the two men. The two men again withdrew and Jones resumed pumping his gas.
When he finished several minutes later, Jones walked toward the store for a receipt as one of the men was coming out of the store. As the two men passed, the white man called Jones a "black pervert." Jones asked why the men chose to bother him. Jones had not conversed with either man before this inquiry. At this point, according to Jones, the white man struck him in the eye. There was a scuffle just outside the store as Jones attempted to defend himself. The second white man entered the affray and the two proceeded to beat and injure Jones.
Thomas Turner was standing across the street. He said his attention was drawn to the convenience store when he saw that two white men had a black man pinned against the door of the store, beating him. When the white men saw Turner coming to help they ran to their car and left. Turner said Bonnett, the store attendant, simply stood inside the store and watched the fight.
Jones testified that after the fight was over he went inside and asked Bonnett why he did not call the police. Bonnett did not answer but simply looked at Jones. Jones repeated his question. Bonnett again did not answer but turned to the telephone and made a call. A police officer, parked a short distance away, arrived within a matter of minutes.
Bonnett denied that Jones had suggested he call the police when Jones prepaid for the gas. Bonnett admitted he told Jones, however, that he thought the men were "trying to steal gas". He also conceded a white female customer had told him about three to five minutes before the fight actually started that he should call the police. He explained that he looked outside and saw nothing which made him believe the police were required. He did not go outside and could not hear what the men were saying to Jones. Bonnett said when the fight started he called his supervisor because this was the first thing he could think of to do. The fight was over, however, before he called police as his supervisor instructed him to do. Bonnett did not try to note the make and model of the car or the license plate number, and admitted he did nothing to assist Jones either before, during, or after the fight until his supervisor instructed him to call the police.
The trial court held the defendant store owner did not breach its duty to reduce the risk of harm to Jones. The court found that Bonnett called the police promptly; that defendant's employee exercised reasonable care for the patron's safety; and that Jones had a reasonable opportunity to avoid the altercation but chose instead to confront the two assailants and was thus *666 precluded from recovery. The court concluded that Jones assumed the risk of the injuries he incurred. These findings constitute the specifications of error assigned by Jones on appeal.
In order to prevail in a negligence action, a plaintiff must prove the existence of a duty, the breach of that duty, and damage caused as a result of the breach. The plaintiff must also show the injuries he suffered were the type which the duty was designed to prevent. Harris v. Pizza Hut of Louisiana, 455 So.2d 1364 (La.1984); Ballew v. Southland Corporation, 482 So.2d 890 (La.App. 2d Cir.1986); and Stevens v. State, Through Dept. of Transportation, 440 So.2d 920 (La.App. 2d Cir.1983).
Did the store owner owe a duty to plaintiff and, if so, what was the nature of that duty?
A store owner is legally obligated to take reasonable precautions for the safety of his patrons. This duty does not extend to the unforeseeable or unanticipated criminal acts of others. Harris, supra; Rodriguez v. New Orleans Public Serv., Inc., 400 So.2d 884 (La.1981); Howery v. Linton, 454 So.2d 1283 (La.App. 2d Cir.1984); and Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360 (La.App. 1st Cir. 1980).
The owner's duty arises when the owner has or should have knowledge of the third person's intended conduct. Ballew, supra; Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir.1983); and Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir.1973).
Having established that the defendant store owner owed plaintiff a duty and the nature of that duty, our next inquiry is whether the duty was breached. We answer in the affirmative.
Bonnett knew that the two white men were acting suspiciously (trying to steal gas) before Jones walked into the store. Bonnett acknowledged that a white female told him to call the police three to five minutes before the altercation began. Even though he could clearly see that a patron was being beaten, Bonnett did not call police until after he telephoned his supervisor and apparently after Jones again asked him to do so.
Bonnett could have easily reduced or removed the risk of harm to plaintiff by calling the police when requested to do so, first by Jones and then by others before the fight began. He could have stepped outside to better see and hear what was going on. He could have told the men he was going to call the police or ordered them to depart. Instead, he dismissed every request to call the police and neglected to take any action until the fight was almost over. Bonnett testified he had never been trained or even told what to do in a potentially dangerous situation and calling his supervisor was the only thing he could think of to do.
Appellate courts in Louisiana have the constitutional responsibility to review facts as well as law. La. Const. Article 5, § 5. Lower court findings of fact will not be disturbed absent a finding that they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Upon review of the record of trial in this case we find that the district court was clearly wrong in its conclusions that the facts did not establish a breach of duty and that Bonnett called police promptly. We also find the trial court erred in concluding that Jones was precluded from recovery because he assumed the risk of a fight when he did not immediately depart after filling his car. Jones was not required to flee when he was being verbally abused. Similarly, Jones was entitled under the law to defend himself when attacked. Under the circumstances we cannot agree that Jones assumed any risk to preclude his recovery for the unprovoked attack.
The trial court misreads Roberts v. Tiny Tim Thrifty Check, 367 So.2d 64 (La.App. 4th Cir.1979). There the court denied recovery for survivors of a patron who was found to have assumed the risk of being shot by his voluntary challenging of an armed robber. Here Jones assumed no *667 risk by pumping his gas, returning to the store for a receipt and defending himself when attacked. Bonnett testified he had just told the white man that they could not get gas before paying for it. The man was leaving the store as Jones "rushed toward the door" and the fight started.
Bonnett was required by law to exercise reasonable care for the protection and safety of patrons. We conclude plaintiff proved breach of duty by defendant's employee and that this breach was the cause-in-fact of the extensive injuries he sustained.
QUANTUM
Our review leads us to conclude that as a result of the beating Jones incurred special damages (doctors, hospitals, ambulance service, medication, lost wages) totaling $3,007.60. He suffered injuries to his mouth (including loss of a bridge) and left eye.
We determine that $5,000 is a fair and just award to plaintiff for his general damages. Accordingly, we reverse the judgment of the district court and render judgment in favor of plaintiff, Willie J. Jones Jr., and against Ginalco, Inc., d/b/a Kwik Karol, and Casualty Reciprocal Exchange, in solido, for $8,007.60, with legal interest from judicial demand until paid, and for all court costs, here and below, including the fees of expert witnesses as same may be fixed by the trial court upon remand for that purpose, unless the parties agree to the amounts without further court action.