367 So.2d 64 (1979)
Nellie ROBERTS et al.
v.
TINY TIM THRIFTY CHECK et al.
No. 9661.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1979.
Nelson, Nelson & Lombard, Ltd., J. Thomas Nelson, Irving H. Koch, New Orleans, for plaintiffs-appellants.
Young, McMahon & Levert, Joseph R. McMahon, Jr., New Orleans, for defendants-appellees.
Before STOULIG, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
The facts of this case are not in dispute. On September 7, 1974, Fred Roberts, a 19 year old was in the Tiny Tim Food Store on Jefferson Highway. He had been there about 2 hours trying to place a long distance phone call. At about 8:00 P.M. two *65 men entered the store. They went to the back, got a six pack of beer and walked up to the counter. They then drew guns and ordered the cashier, Mrs. LeBlanc and her husband to lie on the floor. She yelled to Roberts to "get off the phone, he's got a gun." Mr. and Mrs. LeBlanc, and Micelli, a boy who worked in the store, all obeyed the robbers. Mrs. LeBlanc testified she heard a scuffle and one of the robbers say "So you want to fight." Then the robber turned and fired at Roberts. He was pronounced dead at Oschner Foundation Hospital at 8:31. His parents filed a wrongful death action against the store. After a trial on the merits, the judge found against the plaintiffs dismissing their suit. They have appealed.
The trial judge in his reasons for judgment found that the store owner had fulfilled his duty of reasonable care. The court then went on to find that even if the defendant had breached a duty, the decedent's own actions in choosing to fight with an armed robber precluded recovery. We affirm.
The record shows that the defendant had hired an armed guard who travelled between his Jefferson Highway store and one on Claiborne Avenue, 10 blocks away. He also requested that the Jefferson Parish Sheriff's office patrol his stores regularly, which they did. There was also no evidence that the likelihood of robbery was high, or that the store was frequently robbed. In light of these circumstances the trial court concluded. "[T]o ask this store or any other small business to do more, such as hiring full time armed guards in fear of any potential robbery would make this burden of prevention extremely high and in all likelihood make the cost of running a small business prohibitive."
A store owner is under a duty to take reasonable care for the safety of his patrons, but he is not the insurer of their safety. Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir. 1973); DeHart v. Travelers Ins. Co., 10 So.2d 597 (La.App. Orl.1942); Matranga v. Travelers Insurance Co., 55 So.2d 633 (La.App. Orl.1952). It has also been stated that a proprietor of a public place has a duty to protect his patrons from injuries at the hands of third parties when it is within his power to do so. Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir. 1965) (emphasis added). The trial judge concluded that the defendant in this case exercised reasonable care for his patron's safety and that it was not within his power to protect Fred Roberts. There is no error in these findings.
The cases cited by appellant may be distinguished from the one at bar. In Anderson v. Clements, supra, the defendant was found negligent because (after being warned that a patron was going to return to "cause trouble") an employee of the establishment failed to call the police or warn other patrons. Instead he armed himself. During the ensuing fight an innocent bystander was shot. Therefore it was the violation of the duty to notify the police which resulted in liability. In the case here presented, there was no opportunity to notify the police.
In Nordmann v. National Hotel Company, 425 F.2d 1103 (5th Cir. 1970), a hotel was found to have breached its duty of reasonable care to protect their guests from injury by third persons. In that case two hotel guests were assaulted and robbed. The hotel had 1200 rooms and on the night of the robbery had twelve to fourteen hundred people attending a ball there. Yet the hotel had on duty at the time only one security officer, one room clerk and one bellboy. However, the court concluded that there was even stronger evidence of negligence in that a patron in the adjoining room notified hotel employees that there was a robbery in progress. Yet the desk clerk did not call the police until 40 minutes later. During that time the assailant escaped. This is clearly distinguishable from the robbery at the Tiny Tim Food Store.
An analogy may be made to this situation and those where bus patrons are assaulted by fellow riders. The duty of a carrier is even more strenuous than that of a storeowner. A carrier is required to exercise the highest degree of vigilance, care *66 and precaution for the safety of its passengers, and is liable for the slightest negligence. Aime v. Hebert, 282 So.2d 566 (La. App. 4th Cir. 1973). Yet it is not the insurer of its patrons safety. It is not obliged to provide armed guards to protect its passengers. Higgins v. New Orleans Public Service, Inc., 347 So.2d 944 (La.App. 4th Cir. 1977).
There can be little argument that the decedent's actions in this case preclude any recovery. The trial judge accepted Mrs. LeBlanc's testimony that Fred Roberts chose to fight with the armed robber. At the least this can be termed contributory negligence.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. Restatement of Torts Second, Section 463 (1965). The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstances. Restatement of Torts Second, Section 464 (1965). See: Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971); Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); Sloan v. Flack, 150 So.2d 646 (La.App. 3rd Cir. 1963).
Smolinski v. Taulli, 276 So.2d 286, 290 (La. 1973). A reasonable man does not fight with two armed robbers.
It may also be concluded that Fred Roberts assumed the risk of being shot. "In order for a plaintiff to assume a risk, he must knowingly and voluntarily encounter the risk which causes his injury . . . Recovery is denied if the plaintiff knew or should have known of the risk involved." Prestenbach v. Sentry Ins. Co., 340 So.2d 1331, 1335 (La.1977). Certainly Roberts should have known that he could be shot if he disobeyed the instructions of the robbers.
Finally appellants argue that it was prejudiced by the trial court's refusal to accept Mr. Gersaud as an expert in the field of security systems. However, his testimony was proffered and the court was "not impressed" by it. The qualifications of an expert witness rests within the sound discretion of the trial court, and his determination will not be disturbed except for a showing of manifest error. Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir. 1977); w. d. La., 353 So. 1336; Sledge v. Aluminum Specialties Mftg., Inc., 351 So.2d 835 (La. App. 1st Cir. 1977); Ashley v. Nisson Motor Corp. in U.S.A., 321 So.2d 868 (La.App. 1st Cir. 1975) w.d., La., 323 So.2d 478. We find no such error.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.