393 So.2d 360 (1980)
Wanzie PENNINGTON
v.
CHURCH'S FRIED CHICKEN, INC. et al.
No. 13823.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
*361 Dorsey C. Martin, III, and Roy A. Maughan, Baton Rouge, counsel for plaintiff-appellant, Wanzie Pennington.
Benjamin L. Guelfo, Baton Rouge, counsel for defendant-appellee, Church's Fried Chicken, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
The trial court denied the claim of plaintiff-appellant, Wanzie Pennington, for personal injuries sustained by her when she was robbed of her purse on the premises of the defendant-appellee, Church's Fried Chicken, Inc. Appellant was awarded $115.00 for property damages. Appellant appeals the denial of her claim for personal injuries and appellee filed an answer to the appeal challenging the award of property damages to the appellant.
On August 29, 1978, at approximately 4:50 P.M., appellant entered the premises of Church's Fried Chicken by driving her vehicle from Adams Street into the parking lot which is located at the intersection of Adams and North Acadian Thru way West, in the city of Baton Rouge.
Church's Fried Chicken is a fast food host whereby people stand in line on the outside of the building to order and purchase takeout fried chicken.
After Mrs. Pennington had parked her vehicle in the parking lot, she entered the line at the fast food window to order fried chicken. There were two ladies in front of her at this time and she was advised that the chicken would not be ready for about ten minutes. She returned to her automobile and then returned in the line behind the two ladies. Several male persons entered in the line behind her. While the first lady at the window was being served, Mrs. Pennington's purse was snatched off of her shoulder by a young male person, fifteen to seventeen years of age. During the purse snatching, Mrs. Pennington was spun around causing her to fall to the ground. As a result of this fall, Mrs. Pennington sustained injuries to her knee and to her ribs.
In her purse at the time was a wallet containing $90.00 in cash. The purse was valued at $20.00 and the wallet was valued at $5.00. The total of these items amounts to the $115.00 awarded to appellant by the trial court for property damages.
Appellant contends the trial court erred as follows:
1. In not finding that appellee had a duty to protect appellant from assault in light of appellee's knowledge of previous criminal activities in the area; and
2. In not finding that appellee had a duty to warn appellant concerning the possibility of danger from assault because of its knowledge of criminal activities in the area.
Pursuant to the duty-risk approach, the trial judge held that appellee did not have a duty to hire security officers to be on the premises at 4:50 in the afternoon on a bright, sunshiny day to stop purse snatching. Further, appellee did not have a duty "to post signs on its premises that might read you enter the premises at your own risk; you might be mugged; your purse might be snatched; items might be stolen from your vehicle; you might be raped, or any other of the crimes against persons or crimes against properties." Under the facts of this case, we agree.
A police computer printout of the crimes committed in this area was introduced in the record. This computer printout reveals that most of these crimes occurred at another business location in the same area. The computer printout lists only two instances of purse snatching at appellee's place of business, one in April of 1976 and one in April of 1975. In addition, the printout shows that there were seven other theft charges originating on appellee's premises in a three year period prior to the occurrence. We are unable to ascertain from these facts alone that the criminal activities in this area were sufficient to require the posting of warning signs or the *362 hiring of security guards. Guidry v. Toups, 351 So.2d 1280 (La.App. 1st Cir. 1977) writ refused.
Appellee's duty is limited to the exercise of reasonable care. As was stated in the Roberts v. Tiny Tim Thrifty Check, 367 So.2d 64 (La.App. 4th Cir. 1979) case:
"A store owner is under a duty to take reasonable care for the safety of his patrons, but he is not the insurer of their safety. Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir. 1973); DeHart v. Travelers Ins. Co., 10 So.2d 597 (La.App. Orl.1942); Matranga v. Travelers Insurance Co., 55 So.2d 633 (La.App.Orl.1952). It has also been stated that a proprietor of a public place has a duty to protect his patrons from injuries at the hands of third parties when it is within his power to do so. Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir. 1965) (emphasis added)."
Appellee herein had no opportunity to prevent the act against its patron, so it did not breach any duty. Roberts, supra.
The duty to protect business patrons does not extend to the unforeseeable or unanticipated criminal acts of an independent third person. The owner or management does have a duty to protect patrons when it has knowledge, or can be imputed with knowledge, of the third person's intended conduct. See Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir. 1973). In this case, appellee did not have, nor can it be imputed with, knowledge that a criminal act was about to occur.
As found by the trial court the purse snatching incident occurred "real fast." This was substantiated by the appellant's testimony and by the testimony of the police officer who investigated the crime. Under these circumstances, the trial court erred in holding that the employees of appellee could have prevented the purse from being stolen. Since appellee's duty to plaintiff for property damages is the same as its duty for personal injuries, and having found no breach of said duty, plaintiff's claim for property damages is denied.
For these reasons, the judgment of the trial court is affirmed insofar as it denied recovery to appellant for personal injuries and is reversed insofar as it allowed property damages to appellant. Judgment is rendered dismissing appellant's suit at her cost.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.