442 So.2d 584 (1983)
Guy H. MILES, et ux
v.
FLOR-LINE ASSOCIATES, et al.
No. 83 CA 0132.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*585 David Vaughn, Baton Rouge, for plaintiff-appellant Guy H. Miles and Barbara Miles.
Stephen W. Glusman, Baton Rouge, for defendant and third party plaintiff-appellee J.C. Penney Co., and Liberty Mut. Ins. Co.
Richard Reed, Baton Rouge, for defendant-appellee Flor-Line Associates.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is a suit for damages arising out of a purse snatching incident in the parking lot of Cortana Mall.
Plaintiff Barbara Miles was the victim of unknown assailants on April 2, 1980, at approximately 8:45 p.m. in the J.C. Penney Company parking lot at Cortana Mall. Cortana Mall is a large shopping complex in Baton Rouge. The mall, including its 130 stores and 8,067 parking spaces, spans 110 acres. The individual stores do not provide their own security service, but pool their resources and contract for security services with Flor-Line Associates.
On the night of the occurrence, Mrs. Miles and her family had been shopping in the mall. After completing their shopping, Mrs. Miles, accompanied by her oldest son (age 14) and daughter (age 12), exited the mall and began walking toward their car. Mr. Miles and the younger son were to leave the mall in a separate vehicle.
As Mrs. Miles and her two children proceeded down the row of parked vehicles to their car, the children were about twenty yards ahead of their mother. A nearby car then backed out beside Mrs. Miles. At approximately the same time, someone approached Mrs. Miles from behind, pushed her into the backing car, and struck her on the head with a metal object, rendering her unconcious. A passenger in the car then grabbed Mrs. Miles' purse, and the car sped off.
During the purse snatching incident, Mrs. Miles was knocked to the ground and sustained numerous injuries. Mrs. Miles suffered fractured facial bones, a strained biceps with accompanying tendonitis, and a large hematoma on her right arm. The plaintiff also sustained property damage, resulting from the loss of her purse and its contents.
In February, 1981, Mrs. Miles filed suit against Flor-Line Associates, Sears, Roebuck & Co., and J.C. Penney, Inc. for personal injuries and property damage.[1] The trial court denied the claim of plaintiff-appellant, Barbara Miles, for damages sustained on the premises of defendant-appellee, J.C. Penney Company, Inc. The trial court also denied plaintiff's claim for damages against defendant-appellee, Flor-Line Associates, who provided security for the mall and its parking area.
*586 In applying the duty-risk analysis, the trial judge held that appellees did not have a duty to provide "an absolute guarantee of security." While acknowledging that the security at Cortana Mall at the time of the attack on plaintiff may have been low, the trial court stated that the shopping mall is well-lighted and located in a low-crime area. The trial judge also pointed out that the incident with Mrs. Miles happened so quickly that, even with security guards nearby, the attack and purse snatching would have occurred.
Appellant appeals the denial of her claim for damages, contending that the trial court erred as follows:
(1) In not finding that appellees had a duty to protect plaintiff from attack in light of appellees' knowledge of criminal activities at the mall and
(2) In not finding that appellees had a duty to warn plaintiff of the possibility of criminal attack because of their knowledge of criminal activities in the area.
Appellees' duty is limited to the exercise of reasonable care. Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360 (La.App. 1st Cir.1980). As was stated in Roberts v. Tiny Tim Thrifty Check, 367 So.2d 64, 65 (La.App. 4th Cir.1979):
"A store owner is under a duty to take reasonable care for the safety of his patrons, but he is not the insurer of their safety. Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir.1973); DeHart v. Travelers Ins. Co., 10 So.2d 597 (La. App.Orl.1942); Matranga v. Travelers Insurance Co., 55 So.2d 633 (La.App.Orl. 1952). It has also been stated that a proprietor of a public place has a duty to protect his patrons from injuries at the hands of third parties when it is within his power to do so. Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir.1965) (emphasis added)."
The duty to protect business patrons does not extend to the unforseeable or unanticipated criminal acts of an independent third person. Pennington v. Church's Fried Chicken, Inc., supra. The owner or management, however, does have a duty to protect patrons when it has knowledge, or can be imputed with knowledge, of the third person's intended conduct. See Anderson v. Clements, supra.
A police computer printout of the crimes committed at Cortana Mall was made part of the record. This printout reveals that most of these crimes occurred inside the mall and were offenses perpetrated against the store owners.[2] Although there are numerous instances of theft from automobiles, the incidents involving criminal assaults on persons are random and isolated cases. The computer printout lists only six instances of purse snatching at Cortana Mall in the four year period from 1977 to 1980.[3]
From these facts alone, we are unable to say that the criminal activities at the mall were sufficient to require the posting of warning signs or an increase in the number of security guards.
From the record, it is clear that the mall parking area is well-lighted. The mall manager testified that on each section post there are four1,000 watt light bulbs. Mrs. Miles parked her car near the "section 8" post on April 2, 1980, and did not recall any of the lights being out the night she was assaulted. Appellant's security experts also acknowledged that Cortana's parking area is well-lighted.
In addition, Flor-Line provides security personnel for the mall. Guards are posted both inside the building and in the parking area surrounding the building. Each *587 guard is equipped with radio equipment, which helps the security personnel to communicate disturbances to one another. Motorized scooters are also utilized to assist the security guards in patrolling the parking areas. The number of guards employed varies daily. On busy weekends and holidays, as many as six guards provide security for the mall, including personnel who are posted on the roof of the mall. On days when mall business is somewhat slow, the security is diminished to correspond to the amount of business at the mall. Weekdays were usually slow, and the number of guards on duty on those days was normally cut to a minimum. On Wednesday, April 2, 1980, two guards provided mall security.
As found by the trial judge, the purse snatching occurred very quickly. This was substantiated by plaintiff's testimony and by the testimony of plaintiff's children. Mrs. Miles stated that the incident took place so quickly that she did not have time to call out for help. The Miles children testified that they looked back and saw a car backing beside their mother and that when they glanced back a second time she was on the ground. There was also testimony by the children that they heard no commotion and, at first, only believed their mother had slipped in a puddle of water.
Under these circumstances, the trial court correctly held that neither appellee could have prevented the assault and purse snatching, and that neither appellee breached its duty to provide reasonable care. Appellees exercised reasonable care to safeguard the mall patrons and had no opportunity to prevent the act perpetrated against Mrs. Miles.
For these reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Summary judgment was granted in favor of Sears, Roebuck & Co., which judgment was not appealed.
[2] Shoplifting, forgery, issuing worthless checks, and other offenses of this nature comprised the bulk of the criminal offenses committed at Cortana Mall.
[3] In 1980, there were three reported purse snatching incidents, including the one which is the subject of the case sub judice. In 1979, there were only two purse snatchings. During the preceeding year, 1978, no purse snatchings occurred. And in 1977, there was but one purse snatching incident.