476 So.2d 516 (1985)
Hebert J. CROCHET, Individually and as Tutor of the Minor, Donald Ray Derouen, Jr.
v.
HOSPITAL SERVICE DISTRICT NO. 1 OF TERREBONNE PARISH, Louisiana Known as Terrebonne General Hospital, Carolinas Hospital & Health Services, Inc., Eugene L. Rizzo and Thomas N. Whitney, a Professional Corporation and Don Chesson & Associates, Inc.
No. 84 CA 0811.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Christopher B. Siegrist, Houma, for plaintiff and appellant Hebert Crochet.
O'Neal Walsh, Baton Rouge, for defendant and appellee Don Chesson & Associates, Inc.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal by plaintiff, Hebert J. Crochet, from a summary judgment granted in favor of defendant Don Chesson & Associates, Inc.

FACTS
On August 16, 1982, Linda C. Derouen entered a parking lot at Terrebonne General Hospital. While in the hospital parking lot, Mrs. Derouen was kidnapped and was later killed by her abductor.
As a result of this tragic incident, Hebert J. Crochet, individually and as tutor of Mrs. Derouen's minor child, brought wrongful death and survival actions against the following defendants: Hospital Service District No. 1 of Terrebonne Parish, Louisiana *517 (owner of the parking lot); Carolinas Hospital & Health Services, Inc. (consultant to Hospital Service District No. 1 of Terrebonne Parish, Louisiana); Eugene L. Rizzo and Thomas N. Whitney, A Professional Corporation (designer of the hospital parking lot); and Don Chesson & Associates, Inc. (designer of the parking lot lighting system).
On October 13, 1983, defendant Don Chesson & Associates, Inc. filed a motion for summary judgment. By judgment dated March 16, 1984, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's claim, as to that defendant. Plaintiff subsequently filed a motion for new trial, which was denied on April 24, 1984.
From the judgment granting defendant's motion for summary judgment, plaintiff appeals, alleging that the trial court erred in finding that Don Chesson & Associates, Inc. as designer/installer of the parking lot system at Terrebonne General Hospital is not liable to plaintiff as a matter of law.

DISCUSSION
Summary judgment is provided for by Article 966 of the Louisiana Code of Civil Procedure and should be granted when reasonable minds must conclude that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden is on the mover to establish that there are no genuine issues of material fact still at issue and that he is entitled to judgment as a matter of law. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Any doubt is resolved against granting the summary judgment and in favor of trial on the merits. Vermilion Corp. v. Vaughn, supra; Jewell v. Thompson, 386 So.2d 689 (La.App. 3rd Cir. 1980), writ denied 393 So.2d 746 (La.1980).
In determining negligence liability, the courts of this state have adopted a duty-risk analysis approach. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). To hold the defendant liable for his negligence, each of the following questions must be answered in the affirmative:
1. Did the defendant owe a duty to the plaintiff?
2. Was this duty breached?
3. Was the breach of duty a substantial factor in bringing about harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
4. Do the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached?
Dixie Drive It Yourself Sys. v. American Beverage Co., supra; Broussard v. Yellow Freight Lines, Inc., 464 So.2d 987 (La.App. 1st Cir.1985); Naylor v. La. Dept. of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1982), writ denied, 429 So.2d 127, 134 (1983); LeBlanc v. State, Through Dept. of Corrections, 393 So.2d 125 (La.App. 1st Cir.1980), writ denied, 394 So.2d 1235 (1980).

DUTY
Under Louisiana law, a store owner is under a duty to take reasonable care for the safety of his patrons, but he is not the insurer of their safety. Rodriguez v. New Orleans Public Serv., Inc., 400 So.2d 884 (La.1981); Miles v. Flor-Line Associates, 442 So.2d 584 (La.App. 1st Cir. 1983); Miller v. McDonald's Corp., 439 So.2d 561 (La.App. 1st Cir.1983), writ not considered, 442 So.2d 462 (La.1983); Ronstadt v. Begnaud Motors, Inc., 427 So.2d 911 (La.App. 3rd Cir.1983), writ denied 430 So.2d 82 (La.1983). This duty to protect business patrons does not extend to the unforeseeable or unanticipated criminal acts of an independent third person. Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360 (La.App. 1st Cir.1980). The owner or management, however, does have a duty to protect patrons when they have knowledge or can be imputed with knowledge of the third person's intended conduct. Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir.1983). See also Anderson v. *518 Clements, 284 So.2d 341 (La.App. 4th Cir.1973).
In the case sub judice, Don Chesson & Associates, Inc. was neither a store owner nor a store manager, but designed a lighting system for the owner. The above cited jurisprudence clearly demonstrates that store owners and managers are not liable for unforeseeable and unanticipated criminal acts of independent third parties. Therefore, it would be illogical to hold a contractor of an owner liable for such unanticipated criminal acts.
Applying the duty-risk analysis to the instant case, we conclude that the risk of injury from violent acts of a third person did not fall within the duty of the defendant to design a lighting system for a parking lot. Although it is foreseeable that a person could suffer harm in the manner set forth by plaintiff, foreseeability is not the only criterion to be considered. Whether or not the risk falls within the scope of the duty owed must be determined on a case by case basis with each court weighing the policy factors it considers important. See Ronstadt v. Begnaud Motors, Inc., supra. The plaintiff's damages were sustained in a manner not easily associated with the traditional risks of poorly designed lighting systems. See Dunne v. Orleans Parish School Bd., 463 So.2d 1267 (La.1985).
In this case, the policy considerations are weighed in favor of the affirmance of the trial court. We have reviewed the record and the relevant theories of recovery available to plaintiff. We find that the risk incurred is not encompassed within the duty owed by defendant Don Chesson & Associates, Inc. to plaintiff. Plaintiff was the victim of a criminal act. Her damages could have been just as easily sustained had the lighting system been of the very best design and construction. Therefore, we find that reasonable minds must inevitably conclude that as a matter of law Don Chesson & Associates, Inc. is not liable to plaintiff in this instance.

CONCLUSION
For the above reasons, the judgment of the trial court granting defendant's motion for summary judgment is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.