499 So.2d 1026 (1986)
Barbara Jean BROUSSARD, Plaintiff-Appellant,
v.
Kenneth PELTIER & Allstate Insurance Company, Defendants-Appellees.
No. 85-959.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1027 Roy and Hattan, L. Lane Roy and Lea Ishee, Lafayette, for defendants-appellants.
Donald R. Fuselier and Curtis Sigur, New Iberia, for plaintiff-appellee.
Kenneth Peltier, Carencro, for defendants-appellees.
Before FORET, STOKER and KING, JJ.
FORET, Judge.
The plaintiff has appealed from an adverse decision on a motion for a summary judgment dismissing his suit against a homeowner and his insurer for damages allegedly sustained when she was struck by a third person in the home.
On April 3, 1983, plaintiff was visiting her sister, Mrs. Arceneaux, at the Arceneaux residence in Carencro. After lunch, Kenneth Peltier, an acquaintance of both parties who had dated plaintiff on several occasions during the previous four months, arrived at the home in an intoxicated condition. He was supposed to take the plaintiff and others for an outing in the woods.
Peltier was invited in and allowed to stay. He did not consume any alcohol while at the Arceneaux home. Although he was visibly intoxicated, he did not act hostile or belligerent. As Peltier was preparing to leave the home, he placed his hand on the back of plaintiff's neck and was applying pressure. Plaintiff told him to stop, which he did. He then proceeded to walk toward the door as if to leave. He, however, walked back and again placed his hand on the back of plaintiff's neck. Plaintiff pushed his hand away, and Peltier struck her across the face, seriously injuring her left eye. During this altercation, Mr. Arceneaux was asleep in the home's bedroom.
Plaintiff filed suit against Kenneth Peltier and the Arceneauxs' insurer, Allstate *1028 Insurance Company. Allstate filed a motion for summary judgment which was granted by the trial court. The trial court held that, as a matter of law, the Arceneauxs were not guilty of any actionable fault.
An issue of negligence or fault can be decided on a motion for summary judgment, provided that the evidence leaves no relevant, genuine issue of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). In the present case, the evidence before the court on the motion for summary judgment was a deposition given by plaintiff herself, and an affidavit of Helen Paddio, a witness to the incident. This evidence presented a consistent account of what occurred on the afternoon in question. Although Helen Paddio's affidavit contained several statements in which she found the Arceneauxs at fault, these statements were not factual, but conclusionary. To the extent that the affidavit sets forth the facts rather than legal conclusions, it was consistent with plaintiff's deposition.
The test to be applied in determining a landowner's liability is whether, in the management of his property, he acted as a reasonable man in view of the probability of injury to others. Cates v. Beauregard Electric Cooperative, Inc., supra; Lear v. United States Fire Insurance Co., 392 So.2d 786 (La.App. 3 Cir.1980). Under our jurisprudence, a homeowner is not an insurer of the safety of persons lawfully on the premises. In general, the duty owed by the occupier or owner of a home to a social guest is to avoid reasonably foreseeable danger to the guest and to keep his premises safe from hidden dangers in the nature of traps or pitfalls. Lear v. United States Fire Insurance Co., supra. Furthermore, in Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984), our Supreme Court recognized that:
"Duty is a question of law. Generally, there is no duty to protect others from the criminal activities of third persons. Restatement of Torts Second, § 314 (1965); Prosser Law of Torts, § 33 at pp. 173-174 (4th Edition, 1971)." (footnote omitted.)
Liability was imposed in that case, however, on the operator of a business establishment where customers were shot by a robber, because defendant had voluntarily assumed the duty to protect them by hiring a security guard who was negligent. In its opinion, the Court referred to Banks v. Hyatt Corporation, 722 F.2d 214 (1984), in which the United States Court of Appeals, Fifth Circuit, although recognizing some difference between the duty of protection by landowners and innkeepers under Louisiana law, said that in Louisiana a business establishment is obliged to exercise reasonable care to protect its customers from injuries. At page 220, the Court added:
"... This duty does not extend, however, to unforeseeable or unanticipated criminal acts by an independent third person. `Only when the owner or management of a business has knowledge, or can be imputed with knowledge, of a third person's intended criminal conduct which is about to occur, and which is within the power of the owner or management to protect against, does such a duty towards a guest arise.' Davenport v. Nixon, La.App. 1 Cir.1983, 434 So.2d 1203, 1205 (citing cases); accord Pennington v. Church's Fried Chicken, Inc., La.App. 1 Cir.1980, 393 So.2d 360, 362 ..." (Emphasis added.)
Certainly, a homeowner owes no greater duty to protect persons lawfully on his premises from harm than a business owner or operator. Therefore, the duty imposed by law on the Arceneauxs did not extend to unforeseeable or unanticipated criminal acts of a third person. The trial court concluded, and we agree, that under the undisputed material facts of the present case, the criminal attack on the plaintiff was not reasonably foreseeable and there was, as a matter of law, no breach of any duty by the homeowners to *1029 plaintiff. Although Peltier was visibly intoxicated, until the unfortunate incident, he did not act hostile or belligerent, and neither plaintiff nor anyone else present had any reason to anticipate violent behavior from him. Plaintiff testified that Peltier had never acted violent before, even when drinking, and that his violent behavior came as a complete surprise. In her brief, plaintiff suggests that the Arceneauxs breached their duty to her by failing to act once the altercation had begun. Whatever positive duty the Arceneauxs may have owed to plaintiff to intervene to protect her, under the circumstances, that duty was not breached. As we have said, the events in question happened rapidly, giving little time for anyone to react. Moreover, Peltier was a large man, about six feet two inches tall and weighed over two hundred pounds, and Mrs. Arceneaux was not physically capable of restraining him. After the first minor altercation between Peltier and plaintiff, Peltier acted as if he were leaving the home. His decision to stay was abrupt and without warning. The ensuing attack happened quickly and without warning, and neither the sleeping Mr. Arceneaux nor his wife had any opportunity to protect plaintiff.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.