SHORTESS, Judge.
These proceedings were remanded to this court “to consider whether judgment should be amended to reflect credit for payments made in compromise and settlement.” Tammy Willie v. American Casualty Co., 553 So.2d 467 (La.1989).
Our original opinion affirmed the judgment of the trial court without passing expressly upon Mutual Fire, Marine & Inland Insurance Company’s (Mutual) assignment of error that the judgment did not specifically credit Mutual for sums paid by settling codefendants. Tammy Willie v. American Casualty Co., 547 So.2d 1075 (La.App. 1st Cir.1989). Our opinion at length, however, discussed the amendment of the judgment by the trial court. Implicit in the post-verdict proceedings resulting in the amendment and in our opinion affirming same is that Mutual is to be credited for payments made by the settling insurers.
We note that Mutual applied for rehearing of this matter asking for credit for the various respective percentages of judgment liability' discharged by the payments (which, according to Mutual’s calculations, resulted in an amount exceeding the judgment amount) or, alternatively, credits for amounts paid. Mutual’s assignment of error as to this issue only asked for the latter. A determination of the former requires that the policies of the other insurers be considered; however, they were not introduced.
Mutual Fire's credit computation in its application for rehearing is based on representations in brief of the following facts:
(1) that insurer PMI paid $300,000 in settlement and that $300,000 is the policy limits;
(2) that insurer American Casualty paid
$300,000 in settlement and that $300,-000 is the policy limits;
(3) that both of the above policies were primary policies;
(4) that each of the above policies contained $10,000 retained limits;
(5) that Mutual Fire and Chicago Insurance Company are co-insurers;
(6) that Chicago’s policy limits are $10,000,-000;
(7) that Home Insurance is excess coverage to the Mutual Fire — Chicago excess coverage; and
(8) that the Home Insurance policy limits are $15,000,000.
The judgment was rendered against Federal Realty Investment Trust (FRIT), ISM Associates, Inc. (ISM), and Joe Nathan Jackson in solido. In its answer the Home Insurance Company admitted to having issued a policy of liability insurance to FRIT and Chicago Insurance admitted to having issued a policy to ISM. Pennsylvania Manufacturer’s Insurance Company (PMI) conducted FRIT’s defense and entered into the pretrial settlement stipulation $300,000 on behalf of PMI and $500,000 on behalf of FRIT, a defendant cast in judgment. American Casualty entered into the stipulated settlement prior to trial an amount of $123,852.26 which was stated to be “the balance of their primary policy limits available for settlement of this claim.” Home Insurance Company entered into the stipulated settlement the amount of $500,000. The settlement totalled $1,223,856.26 and $200,000, respectively, for which Willie and the Chambers agreed to compromise their claims against ISM, FRIT, and their insurers. Chicago settled during the course of the trial; the stipulated settlement was for $1,100,000 to be divided $1,000,000 to Willie and $100,000 to the Chambers. The terms *1025 of the settlement included dismissal of ISM with prejudice.[1] The $1,100,000 from Chicago increased the settlement amounts to $2,223,856.26 and $300,000, respectively. It was these amounts by which the $300,-000 and $30,000 jury awards were increased when the trial court reformed the judgment. Indeed, the trial court clearly foresaw the need for the reformation because it presumed the amounts paid in settlement would be credited. In affirming the reformation, this court intended to affirm that result.
Only the Mutual Fire and Chicago Insurance policies are in evidence. The Chicago Insurance policy's schedule of underlying coverage shows CNA and National Union Fire as underlying insurers, with aggregate limits of $300,000 and $500,000 respectively. The stipulation read into the record recites the various payments of the various insurers, but does not specify the policy limits or the applicable layer of coverage (i.e., excess or primary, or co-insurer). All we can glean from the stipulation, pertinent to the determining credits, is that American Casualty’s policy limits were $300,000 (which were paid).[2]
Therefore, of the allegations of fact listed above, upon which Mutual Fire premises its computations and application for rehearing, only one is found in the record.
We therefore amend the trial court’s judgment so that amounts paid in settlement are credited, as follows: $2,223,-852.26 to Tammy Willie’s judgment and $300,000.00 to the Chambers’ judgment. Legal interest from date of judicial demand shall accrue on the remaining $300,000.00 in favor of Tammy Willie and the $30,-000.00 remaining due to the Chambers.
AFFIRMED AS AMENDED.

. To the extent Mutual may have insured ISM, plaintiffs’ rights were reserved.

. Mutual Fire asserts in brief that the $123,-857.26 paid by American Casualty is the "balance of their primary policy limits available.”