657 So.2d 725 (1995)
Yvette PERKINS
v.
K-MART CORPORATION.
No. 94 CA 2065.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Rehearing Denied July 25, 1995.
*727 Adair D. Jones, Baton Rouge, for plaintiff/appellant-Yvette Perkins.
Ian A. MacDonald, Lafayette, for defendant/appellee-K-Mart Corp.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting the defendant's motion for summary judgment.

FACTS
At approximately 10:00 a.m. on March 13, 1993, plaintiff, Yvette Perkins, was attacked and robbed in the K-Mart parking lot located at 5905 Florida Boulevard in Baton Rouge. On January 21, 1994, plaintiff filed an action for damages with interrogatories against K-Mart Corporation (K-Mart). Plaintiff alleged that K-Mart was negligent in that it breached its duties to plaintiff in the following respects:
(1) failing to keep a proper lookout for the safety of its patrons;
(2) failing to provide adequate warning and security to protect patrons against hazards which the defendant knew or should have known to exist;
(3) failing to avoid obvious, known, and foreseeable hazards;
(4) failing to operate the business in a safe and prudent manner with due regard to the safety and property of others;
(5) failing to warn the plaintiff of obvious, known, and foreseeable hazards;
(6) allowing the plaintiff to be accosted, threatened, terrorized, assaulted, endangered, and robbed; and,
(7) any other act of negligence, fault, or breach of duty which may be proved at the trial of this matter.
On May 11, 1994, K-Mart filed a motion for summary judgment, contending that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law. K-Mart argued that plaintiff could not establish the facts *728 necessary to prove that K-Mart owed a duty to protect her from criminal acts of an unidentified third person. In support of its motion for summary judgment, K-Mart filed excerpts from plaintiff's deposition and its answers to plaintiff's interrogatories. K-Mart's answer to interrogatory number six indicates that it had no knowledge of any criminal attack before the date of the alleged criminal attack on plaintiff.
In opposition to K-Mart's motion for summary judgment, plaintiff filed an affidavit, stating, among other things, that she did not have personal knowledge of previous criminal activities at K-Mart.
On June 6, 1994, a hearing was held on K-Mart's motion for summary judgment, and the trial court granted the motion. In his oral reasons for judgment, the trial judge indicated that, based on the evidence, it was undisputed that K-Mart had no knowledge of any prior criminal activities in its parking lot. Therefore, the judge reasoned that, based on Louisiana jurisprudence, K-Mart had no duty to protect plaintiff from unforeseeable criminal acts of an independent third person. On June 16, 1994, the trial judge signed a judgment, granting K-Mart's motion for summary judgment and dismissing plaintiff's claims against K-Mart.
On June 17, 1994, plaintiff filed a motion for a new trial, contending that the judgment was contrary to the law and the evidence. Plaintiff also alleged that K-Mart deceived the court in its answer to plaintiff's interrogatory number six, i.e., that it had no personal knowledge of previous criminal activities in its parking lot. Attached to plaintiff's motion for a new trial was a copy of a July 27, 1991, newspaper article about a K-Mart patron being shot by a robbery suspect in the K-Mart parking lot located at 5905 Florida Boulevard in Baton Rouge. On June 17, 1994, the trial court denied plaintiff's motion for new trial.
Plaintiff appealed from the June 16, 1994, judgment, assigning the following specifications of error:
1. The court erred in granting the defendant's summary judgment where the defendant's summary judgment was not accompanied by supporting affidavits, and plaintiff's opposing affidavit showed that there were genuine issues of material facts.
2. The court erred in denying the plaintiff's motion for a new trial where the record clearly shows the defendant committed fraud or ill practice in claiming it had no knowledge of previous criminal activities.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La. 1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is and exclude any real doubt as to the existence of *729 material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. LSA-C.C.P. art. 967.
Summary judgments are not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, a Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).

DUTY OF K-MART
In order to prevail in Louisiana in a negligence action under a duty-risk analysis, the plaintiff must prove (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached the duty; (3) that the breach was a cause in fact of the harm; and (4) that the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached (proximate cause). Coblentz v. North Peters Parking, Inc., 533 So.2d 98, 101 (La.App. 4th Cir.1988); Crochet v. Hospital Service District No. 1 of Terrebonne Parish, 476 So.2d 516, 517 (La.App. 1st Cir.), writ denied, 478 So.2d 1235 (La.1985). The plaintiff must also prove resultant damages. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1370 (La.1984).
Although a business establishment is not the insurer of the safety of its patrons, it is under a duty to take reasonable care for the safety of its patrons. Rodriguez v. New Orleans Public Service, Inc., 400 So.2d 884, 887 (La.1981); Willie v. American Casualty Company, 547 So.2d 1075, 1081 (La.App. 1st Cir.1989), amended on remand by 576 So.2d 1023 (La.App. 1st Cir.), writs denied, 584 So.2d 678 (La.1991); Coblentz v. North Peters Parking, Inc., 533 So.2d at 101; Miles v. Flor-Line Associates, 442 So.2d 584, 586 (La.App. 1st Cir.1983); Phillips v. Equitable Life Assurance Company of the United States, 413 So.2d 696, 698 (La.App. 4th Cir.), writ denied, 420 So.2d 164 (La.1982); Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360, 362 (La.App. 1st Cir.1980). However, this duty does not extend to unforeseeable or unanticipated criminal acts of independent third persons. Only when the owner, management, or an employee of the business has or should have knowledge of a third person's intended injurious conduct that is about to occur and which is within the power of the owner, management, or employee to protect against does the duty arise. Willie v. American Casualty Company, 547 So.2d at *730 1081; Coblentz v. North Peters Parking, Inc., 533 So.2d at 101; Miles v. Flor-Line Associates, 442 So.2d at 586; Davenport v. Nixon, 434 So.2d 1203, 1205 (La.App. 1st Cir.1983); Pennington v. Church's Fried Chicken, Inc., 393 So.2d at 362. See Sutter v. Audubon Park Commission, 533 So.2d 1226, 1231 (La. App. 4th Cir.1988), writ denied, 538 So.2d 597 (La.1989).
In the instant case, in support of its motion for summary judgment, K-Mart attached its answers to plaintiff's interrogatories and excerpts of plaintiff's deposition. K-Mart's answers to plaintiff's interrogatories indicate that (1) it had no knowledge or information concerning the alleged criminal attack; (2) it was unaware of the alleged criminal attack prior to the petition being filed; (3) it had no knowledge of any criminal attack on its premises prior to plaintiff's alleged attack; and (4) no warnings or notices are given to patrons regarding criminal attacks.
According to plaintiff's deposition, on March 13, 1993, shortly after K-Mart opened, plaintiff parked her car approximately six spaces from the front of the K-Mart store located at 5905 Florida Boulevard in Baton Rouge. Plaintiff locked the car doors, but left the front driver's side window down. Plaintiff entered the store and shopped for approximately forty-five (45) minutes. Upon returning to her car, plaintiff noticed that there were other customers in the parking lot and that there was a white car parked next to her. At no time did plaintiff see a security guard in the store or in the parking lot. Plaintiff loaded her purchases into the back seat of her car through the rear driver-side door. She then got behind the steering wheel and was preparing to leave when she noticed that the rear passenger-side door was slightly open. As plaintiff began to exit the car to walk around and close the door, someone jumped into the car through the rear passenger-side door, grabbed plaintiff's shoulder, and forced her to the seat. Plaintiff then felt a metal object, which she thought was a gun, against her neck and heard a "click." The assailant then grabbed plaintiff's wallet and left moments later, instructing plaintiff to keep her head down. When plaintiff lifted her head, she saw the white car which had been parked next to her drive off. Plaintiff immediately reported the incident to a woman at the service desk inside the store, and the police were called. When the police arrived, an investigation was conducted, and it was determined that $600.00 had been taken from plaintiff's wallet.[1]
According to plaintiff's deposition, she does not consider K-Mart to be in a high crime area, and she has no knowledge of any criminal activity taking place in the store parking lot prior to her incident. Furthermore, plaintiff stated that she has no knowledge that would cause her to believe that K-Mart should have anticipated such criminal activity. Additionally, plaintiff could not say if there was anything that the assailant did which would have alerted someone that the robbery was about to occur.
Based on the information submitted by K-Mart in support of its motion for summary judgment, it is undisputed that the criminal act committed upon plaintiff was an unforeseeable and unanticipated act of an independent third person. K-Mart did not have, nor should it have had, knowledge of the third person's intended robbery of plaintiff.[2] Therefore, it was not within K-Mart's power to protect plaintiff against such robbery, and K-Mart's duty to take reasonable care for the safety of its patrons did not extend to this unforeseeable, unanticipated criminal act committed upon the plaintiff. See Willie v. American Casualty Company, 547 So.2d at 1081; Coblentz v. North Peters Parking, Inc., 533 So.2d at 101; Miles v. Flor-Line Associates, 442 So.2d at 586; Pennington v. Church's Fried Chicken, Inc., 393 So.2d at 362. Accordingly, in its motion for summary judgment, K-Mart showed that there were no genuine issues of material fact *731 in dispute and that it was entitled to judgment as a matter of law.
It then became incumbent upon plaintiff, in opposing the motion for summary judgment, to set forth specific facts showing that there is a genuine issue for trial. Plaintiff could not rely on the mere allegations of her pleadings. Plaintiff's affidavit, submitted in opposition to K-Mart's motion for summary judgment, indicates that she had no personal knowledge of previous criminal activities at K-Mart. Thus, she failed to show that there is a genuine issue of material fact in dispute, and the trial court correctly granted K-Mart's motion for summary judgment.[3]

MOTION FOR NEW TRIAL
Plaintiff contends that the trial court erred in denying her motion for new trial LSA-C.C.P. art. 1972 provides as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
In addition to the above, a discretionary ground for a new trial is set forth in LSA-C.C.P. art. 1973, which authorizes a trial court to grant a new trial in any case if there is good grounds therefor. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La. App. 1st Cir. 3/11/94), 634 So.2d 466, 492, writ denied, 94-0906 (La. 6/17/94), 638 So.2d 1094.
Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Bush v. Cannata's Supermarket, Inc., 612 So.2d 794, 797 (La.App. 1st Cir.1992). The denial of a motion for new trial should not be reversed unless there has been an abuse of the trial court's discretion. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La.App. 1st Cir. 3/11/94), 634 So.2d at 493; Gibson v. Bossier City General Hospital, 594 So.2d 1332, 1336 (La.App. 2nd Cir.1991).
In the instant case, plaintiff's motion for new trial on the grounds that the judgment was contrary to the law and the evidence was based solely on information contained in an article allegedly published in the July 27, 1991, issue of the Baton Rouge newspaper The Morning Advocate. Plaintiff contends that the article establishes K-Mart's personal knowledge of prior criminal acts occurring on its premises, as well as K-Mart's intent to deceive the court with regard to its interrogatory answer that it had no knowledge of any criminal attacks prior to the incident involving plaintiff.
After reviewing the record in its entirety, we conclude that the trial judge did not abuse his discretion in denying plaintiff's motion for new trial under LSA-C.C.P. art. 1972. Even considering the contents of the article, which was not authenticated or introduced into evidence, the judgment is not clearly contrary to the law and the evidence. Nor do the facts indicate that the judgment would result in a miscarriage of justice. The jurisprudence indicates that criminal acts of an independent third person are not considered foreseeable or anticipated when the merchant has a history of only random or isolated criminal acts. See Miles v. Flor-Line Associates, 442 So.2d at 586. In Coblentz v. North Peters Parking Inc., 533 So.2d at 102, the court noted that twenty-six calls to the police regarding criminal activity in the area of the criminal act involved in that case were not sufficient to put the parking lot owner on notice that someone would commit a future criminal act. The one previous *732 criminal act on the K-Mart premises, occurring approximately two years before, mentioned in the newspaper article is not sufficient to have caused K-Mart to foresee or anticipate the criminal act involved herein.

CONCLUSION
For the foregoing reasons, the trial court judgment, granting K-Mart's motion for summary judgment, is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] K-Mart did not participate in the investigation.
[2] Plaintiff contends that, because K-Mart did not submit affidavits in support of its motion for summary judgment, the answers to interrogatories and deposition excerpts could not be used. However, we note that LSA-C.C.P. art. 966 provides that either party may move for summary judgment, with or without supporting affidavits.
[3] Plaintiff contends that her affidavit creates a genuine issue of material fact because it indicates that she notified K-Mart of the attack. However, we note that K-Mart's subsequent knowledge of the attack is irrelevant as to the issue of whether K-Mart should have foreseen or anticipated the criminal attack.