I,JAMES F. McKAY, III, Judge.
The plaintiff, Margaret F. Vail, appeals the trial court’s granting of the defendants’, Ray Masker and General Accident Insurance Company, motion for summary judgment. We affirm.
FACTS AND PROCEDURAL HISTORY
On the morning of September 24, 1996, Margaret Vail was having breakfast at the McDonald’s located at 3321 St. Charles Avenue in New Orleans when a black female stole her purse. The thief ran from the restaurant to an awaiting getaway car. Ms. Vail pursued the thief into the parking lot and placed herself near the getaway car in an attempt to stop the thiefs escape. Thereupon, the thief threw Ms. Vail down and she was run over by the car. As a result, Ms. Vail suffered injuries to her leg and head.
Ms. Vail filed a personal injury action against Ray Masker, the owner and operator of the McDonald’s, and his insurer, General Accident Insurance Company. The defendants moved for summary judgment on the grounds that they owed no duty to the plaintiff to protect her from the criminal acts of third parties Land further that the plaintiffs own action in pursuing and confronting a criminal was the cause in fact of her injuries. On November 10, 2000, the trial court granted the defendants’ motion for summary judgment. It is from this judgment that the plaintiff appeals.
DISCUSSION
The plaintiff contends that the trial court erred in determining that the defendants had no duty to the plaintiff in this situation and in accepting the defendants’ version of events while ignoring the plaintiffs version.
The question of whether a duty exists is a question of law, thus the issue may be resolved by summary judgment. Robinson v. Yousuf, 95-1476 (La.App. 4 Cir. 1/19/96), 668 So.2d 436, 440. The granting of a motion for summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Harvey v. Francis, 2000-1268 (La.App. 4 Cir. 3/21/01), 785 So.2d 893.
Under the duty-risk analysis articulated by the Louisiana Supreme Court in Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318, 321, four questions must be answered in the affir *809 mative for a plaintiff to prevail. The plaintiff must prove that (1) the defendant had a duty to conform his or her conduct to a specified standard of care; (2) the defendant breached the duty of care; (3) the defendant’s substandard conduct was the cause-in-fact of the plaintiffs injuries; |3and (4) the defendant’s substandard conduct was the legal cause of the plaintiffs injuries. Id. at 322. Accordingly, the issue at the forefront of this case is whether the defendant had a duty to conform his or her conduct to a specified standard of care.
It is a well established general rule that the owner or operator of a business has the duty of exercising reasonable care for the safety of persons on the premises and the duty of not exposing such persons to unreasonable risks of injury or harm. Robinson v. Yousuf, citing Mundy v. Dep’t. of Health and Human Resources, 620 So.2d 811 (La.1993). See also Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). However, a business’ duty to take reasonable care for the safety of its patrons does not extend to unforeseeable or unanticipated criminal acts of independent third persons. Perkins v. K-Mart Corporation, 94-2065 (La.App. 1 Cir. 6/23/95), 657 So.2d 725. Courts have stated that a duty arises only “when the owner, management, or employees .... have or should have knowledge of a third person’s intended injurious conduct that is about to occur.” Ballew v. Southland Corp., 482 So.2d 890, 893 (La.App. 2 Cir.1986). Therefore, not only must the specific crime be foreseeable, it must be foreseeable that the crime will occur at or near the time the incident actually happens before a commercial establishment is liable for an assault. Smith v. Walgreens LouisianaCo. Inc., 542 So.2d 766, 768 (La.App. 4 Cir.1989).
In the instant case, Ms. Vail was not injured when the thief stole her purse but when she pursued the thief into the parking lot. Even if the criminal acts of 14third persons were foreseeable,[1] it was not foreseeable that Ms. Vail would give chase and be injured by the getaway car. Clearly, there is no duty to insure that a patron is not hurt when she is run over by a car when she chases people who robbed her inside a McDonald’s.
CONCLUSION
For the foregoing reasons, we agree with the trial court and affirm its granting of the defendants’ motion for summary judgment.
AFFIRMED.

. This Court, in the frequently cited case of Dye v. Schegmann Bros. Giant Supermarkets, Inc., 627 So.2d 688 (La.App. 4 Cir. 1993), held that the defendant supermarket did not breach a duty to provide adequate security so as to prevent plaintiffs wife from being murdered in the store parking lot. In that case, it was established that in the two year period leading up to the murder, there were twenty-two armed robberies at that very store. Id. at 693. Nevertheless, this Court held that “like most urban centers, all of New Orleans knows crime, and to attempt to distinguish one area as a high crime area and another as a 'safe' area is a dubious undertaking.” Id. at 692.