ON REMAND
WATKINS, Judge.
This matter is before us on remand from the Louisiana Supreme Court for briefing, argument and opinion. 564 So.2d 308. Accordingly, we scheduled the matter on the regular docket and entertained briefs and oral argument. Defendant Parsons Inc. (Parsons) and its insurer had filed a motion for summary judgment which was denied at the trial court level. Originally, we denied the writ, finding no error by the trial court. Having considered the record and the arguments on remand, we again conclude that the denial of summary judgment was correct.
FACTS
Garold and Jar old Jacobs were twin brothers who lived in the Valley Park area of Baton Rouge, Louisiana. One evening in 1985, the then 17-year-olds decided to walk to Parsons Shell Service Station, which included a 24-hour convenience store, at the corner of Bawell and Acadian Thruway to buy some beer. Along the way they met a friend, David Wooders, who joined them in their trip to Parsons.
The clerk, Ms. Shannon Grigsby, refused to sell beer to any of the three for lack of verification of age. However, she did sell beer to another customer that had come into the store, Mr. Billy Robinson, who paid for the beer with two one dollar bills he had apparently gotten from one of the Jacobs brothers.
All of the participants in the purchase left the store, but immediately in front of the door a disagreement ensued over a missing five dollar bill. In the fray the two Jacobs brothers were stabbed with a homemade knife. Jarold died of the wound, and Garold received serious injury.
Jarold’s parents, Eugene and Irma Jacobs, and Garold filed suit against Parsons Inc., Ms. Grigsby, and Mr. Robinson. The store’s insurer, Casualty Reciprocal Exchange, was also named as a defendant. Robinson was convicted of second degree murder and is serving a mandatory life sentence.
Parsons and Casualty Reciprocal Exchange filed a motion for summary judgment, claiming they were entitled to be dismissed from the suit because Parsons did not owe a duty to the Jacobs brothers to protect them against the harm caused by a third party’s criminal act. The trial judge denied the summary judgment, finding that there exists a dispute as to material fact issues, specifically whether the clerk aided the underage brothers in interposing an adult to purchase the beer and whether the clerk’s action had a causal connection to the injuries.
In brief to this court the defendants argue that the sale of beer to the minors is not an issue relevant to the disposition of the motion for summary judgment; the true issue is whether there was a duty on the part of Parsons or its employees to prevent the stabbings which took place in *362 the gasoline service station lot outside the convenience store.
We agree with defendants’ identification of the issue, but we disagree that the question of this particular store’s duty can be resolved as a matter of law on a motion for summary judgment. Accord, Smith v. Walgreens Louisiana Co., Inc., 542 So.2d 766 (La.App. 4th Cir.1989); but cf. dissent, 542 So.2d at 769.
The question of a storeowner’s duty to victims of third-party crimes in parking lots (or service station lots) is not well settled. Recently, in Willie v. American Casualty Co., 547 So.2d 1075 (La.App. 1st Cir.), remanded on other grounds, 553 So.2d 467 (La.1989), this court reviewed the jurisprudence on this troublesome issue. We rejected the contention that Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984), limits the duty to protect one’s business patrons so that the duty to protect can be breached only when a business has assumed such duty. Instead, we affirmed judgments in favor of plaintiffs against defendants who had provided no security guards in their shopping center parking lot. Willie v. American Casualty Co., supra. We noted that the result was consistent with our past rulings recognizing that a business which has particular knowledge of the impending occurrence of a criminal act has a duty to protect. See Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir.1983), (involving the awareness of a hotel night clerk of suspicious activity); Atkins v. Frazell, 470 So.2d 505 (La.App. 1st Cir.1985), (involving a patron’s request for a lounge manager to summon police). Furthermore, a duty arises when there is (or should have been) an awareness of a pattern of conduct which made the particular injury-causing criminal conduct foreseeable. Prior criminal activity may be considered in determining foreseeability. What crime is foreseeable under what circumstances is a question of fact. Willie v. American Casualty Co., supra.
We have reviewed the depositions filed in connection with the motion for summary judgment.[1] The deposition of Ms. Grigsby, relied upon by defendants, standing alone would preclude summary judgment. The store clerk testified that when the fight broke out immediately outside the front door of the store, she “just panicked.” She went around the counter and locked the door, only to unlock it shortly thereafter for other customers to come in. She had a “full view of the whole fight,” which according to her estimation lasted at least five minutes and perhaps as long as twenty minutes. She admitted that “it just didn’t cross my mind” to call the police.
Clearly this record presents a task for a future factfinder to determine whether Parsons owed a duty to the plaintiffs, whether that duty was breached by the actions of Ms. Grigsby, and whether Ms. Grigsby’s actions were causally related to the injuries.
Accordingly, we deny the application for writs and return the record to the trial court for further proceedings. Relator is cast for costs of the application.
WRIT DENIED.

. In reasons for judgment and in pleadings and briefs, the trial judge and parties have alluded to an affidavit and a computer print-out of arrests in the area. These documents are not of record. However, their presence in the record could not change the decision we reach today, which decision is mandated by the law and the facts of this particular case.