637 So.2d 720 (1994)
Stacy Lynn CHERAMIE
v.
Heidi Jo HORST, State Farm Insurance Company, and The Louisiana Insurance Guaranty Association for Dixie Lloyds Insurance Company.
No. 93 CA 1168.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*721 Keith M. Whipple and Jodie Teuton, Houma, for plaintiff-appellant.
James R. Dagate, Houma, for defendants-appellants, Heidi Jo Horst and State Farm Mut.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Stacy Lynn Cheramie (plaintiff) was a passenger in a vehicle operated by Kelly Serigny on August 24, 1990, a rainy day. Serigny stopped her vehicle on La. Highway 308 to turn left. While waiting to turn, she was struck from the rear by a vehicle driven by Heidi Jo Horst. The impact, which occurred as plaintiff was bending down to retrieve her purse, propelled plaintiff against the dashboard. Plaintiff subsequently sued Horst; her insurer, State Farm Mutual Automobile Insurance Company (collectively, defendants); and the Louisiana Insurance Guaranty Association (LIGA) for Dixie Lloyds Insurance Company.[1]
Defendants stipulated to liability. After a three-day trial, the jury found in favor of the plaintiff and awarded $10,000.00 for past and future medical expenses. However, no award was made for general damages, lost wages, or loss of earning capacity.
The trial court granted plaintiff's motion for new trial, finding that the jury committed legal error by failing to make a general damage award.
At the second trial, both parties waived trial by jury. The parties agreed to resubmit the evidence and testimony introduced at the previous trial. The court also allowed the parties to adduce additional testimony and admitted the depositions of two doctors, Christopher Cenac and Delmar Walker. The trial court rendered judgment in favor of plaintiff, awarding:

Pain and suffering and mental
anguish $75,000.00
Disability and loss of enjoyment
of life $25,000.00
Past medical expenses $ 9,039.86
Future medical expenses $30,000.00
Loss of wages in the past $ 6,364.47
Future wage loss $20,000.00

The trial court denied defendants' motion for new trial. Defendants appealed, contending that the trial court erred in granting a new trial and that the damage award was excessive. Plaintiff answered the appeal, seeking damages for frivolous appeal, and cross-appealed, seeking an increase in quantum.

A. The Motion for New Trial
After the verdict was returned and the judgment signed in the first trial, plaintiff filed a motion for new trial, alleging a technical error existed in the verdict because medical expenses were awarded without an award for pain and suffering. A judgment notwithstanding the verdict (JNOV) was not *722 requested by either party; however, defendants specifically requested the court use an additur if it found a technical error existed in the verdict. The trial court stated at the hearing for new trial, "I don't want to grant a new trial if there is another way for me to do it." The trial court then granted the motion for new trial. Defendant contends the trial court erred in granting a new trial to correct a "perceived technical error" in the verdict.
When a jury finds a plaintiff suffered injuries in an accident, awards special damages, but fails to award general damages, the verdict is inconsistent. Verret v. Carline, 634 So.2d 37 (La.App. 1st Cir.1994); Sumrall v. Sumrall, 612 So.2d 1010, 1015 (La.App. 2d Cir.1993). An inconsistent verdict is a legal error, contrary to defendants' contention that this was a "perceived technical error." Sumrall, 612 So.2d at 1015.
A JNOV is a procedurally correct device for raising an unreasonable damage award. Sumrall, 612 So.2d at 1013. A trial court also may grant an additur or remittitur if the court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only. Additur or remittitur is entered only with the consent of the plaintiff or defendant and as an alternative to a new trial. La.C.C.P. art. 1814. A new trial is mandatory when the verdict or judgment is clearly contrary to the law and evidence and discretionary "in any case if there is good ground therefor." La. C.C.P. arts. 1972, 1973.
Thus, the trial court could correctly have granted JNOV, additur, or alternatively, a new trial. Because no motion for JNOV was made, the trial court had two options: additur or new trial. While a new trial was not the only option available to the trial court, it was a valid way to correct a legal error in the original jury verdict. No error was committed by granting a new trial.

B. Credibility
Defendants contend the record contains "a plethora of discredited, untruthful, dishonest, and unbelievable testimony of plaintiff," such that plaintiff's credibility was completely destroyed. Defendants further attack the credibility of plaintiff's orthopedic surgeon. Based on this alleged lack of credibility, defendants argue that plaintiff failed to prove by a preponderance of the evidence that future surgery was necessary and was related to the August 24, 1990, auto accident.
It is well settled that a court of appeal may not set aside a finding of fact in the absence of manifest error, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Lirette v. State Farm Ins. Co., 563 So.2d 850, 852 (La.1990).
The trial court chose not to discredit plaintiff's entire testimony even though some statements were inconsistent with prior deposition testimony. The finder of fact is accorded great deference in making credibility determinations. This court will not disturb the trial court's reasonable evaluation of plaintiff's credibility.
Defendants further complain that the trial court accorded plaintiff's treating physician, Dr. Cenac, credibility, even though he testified at the first trial that plaintiff did not need surgery, then testified in the second trial that she probably would require surgery. The record shows that at the first trial Cenac stated plaintiff's progress should be followed, but that "she has a definite cause for concern." He testified that in the next six to 18 months, he would need to reassess the situation, and plaintiff would have to decide whether her pain was sufficiently intolerable to undergo lumbar disc fusion and fusion of the sacralized segment. He further stated that "she does qualify to have surgery." At the second trial, Cenac supplemented his previous testimony and stated that "[t]he surgery has been recommended. If she returns and desires to proceed with the surgical procedure it will be done...." He also stated that while he would not "drag" a patient to surgery, plaintiff would have to "either live with [her] situation as it is or proceed with surgery" in order to relieve her pain.
*723 Cenac's supplemental testimony did not contradict his previous testimony. It simply further explained his previous testimony concerning his recommendations and why surgery had not yet been performed.
Furthermore, the determination of an expert's credibility is a factual question subject to the manifest error/clearly wrong standard of review. Martin v. East Jefferson Gen. Hosp., 582 So.2d 1272, 1277 (La.1991). After weighing and evaluating all of the evidence, the fact finder is free to accept or reject the opinions expressed by experts. Hoyt v. State Farm Mut. Auto. Ins. Co., 623 So.2d 651, 659 (La.App. 1st Cir.), writ denied, 629 So.2d 1179 (La.1993); Armstrong v. Fireman's Fund Ins. Co., 558 So.2d 646, 650 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990).
For a reviewing court, the issue to be resolved is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in view of the record in its entirety. Stobart v. State, 617 So.2d 880, 882 (La.1993). The trial court's credibility determinations were not unreasonable in view of the record in its entirety.

C. Damages
Trial courts are accorded "much discretion" in fixing general damage awards. Reck v. Stevens, 373 So.2d 498 (La.1979). The role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Hae Woo Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Youn, 623 So.2d at 1260. The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1261. In effect, the award must be so high or so low in proportion to the injury that it "shocks the conscience." Shaw v. Bourn, 615 So.2d 466, 473 (La.App. 4th Cir.), writs denied, 618 So.2d 409, 412 (La.1993).
Plaintiff, who was 21 years old and had no previous back problems, suffered an injury to her back as a result of a double-impact, rear-end collision. Her treating physician, Cenac, recommended a lumbar laminotomy and spinal fusion as a form of treatment for her pain and discomfort due to a three-millimeter bulge in a disc at the L5-S1 level. Cenac further testified that without surgery plaintiff's back will not improve and will only get worse as time progresses. If she chooses to have surgery, she is likely to have a residual total body disability of 20-25 percent.
The trial court accepted Cenac's testimony and further found that plaintiff's injury caused her significant pain and discomfort during the 28 months prior to trial, that it has forced her to restrict her everyday and recreational activities, and that she now needs assistance in performing household chores and in caring for her baby. The trial court found plaintiff proved she was entitled to lost wages and awarded $6,364.47, based on her wages of $100.00 per week before the accident. The court denied loss of future earning capacity because the testimony on this issue was based on the assumption that plaintiff would be totally disabled for the rest of her work-life expectancy, which was not supported by the evidence. The court awarded $20,000.00 for loss of future income, based on the evidence that plaintiff will probably have surgery and will be restricted from employment during recovery. The court noted that plaintiff's economist stated she would probably make more than her pre-accident wages if she found a minimum wage job within her physical restrictions.
*724 Defendants argue that the damages awarded by the trial court are excessive. Plaintiff has also appealed, seeking an increase in damages. The trial court did not abuse its "great" discretion in awarding a total of $165,404.33 in damages. This award is not, in either direction, beyond that which a reasonable trier of fact could assess under the facts of this case. Therefore, this court will not disturb the damage award.

D. Frivolous Appeal
Plaintiff answered defendant's appeal, seeking damages for frivolous appeal under Louisiana Code of Civil Procedure article 2164. Damages for frivolous appeal are allowed only when "it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious." Hampton v. Greenfield, 618 So.2d 859, 862-63 (La.1993), quoting Parker v. Interstate Life & Accident Ins. Co., 248 La. 449, 179 So.2d 634, 636 (1965). There is no evidence that defendants appealed solely for delay, nor is there evidence they are insincere or in bad faith in their position.
For the foregoing reasons, the judgment of the trial court is affirmed, and all costs of this appeal are assessed to the defendants.
AFFIRMED.
NOTES
[1] Plaintiff's liability insurer, Dixie Lloyds, had provided uninsured/underinsured coverage; however, after its alleged insolvency, its affairs were being administered by LIGA which filed an answer to plaintiff's petition. Later, LIGA was dismissed from the suit, with plaintiff reserving her rights against the other defendants.