676 So.2d 234 (1996)
Sheree Ann GREEN
v.
INFINITY INTERNATIONAL, INC., et al.
No. 95 CA 2356.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*235 C. Anne Brunett, Anthony C. Caruso, Baton Rouge, for Plaintiff-Appellant.
Daniel R. Atkinson, Jr., Baton Rouge, for Defendant-Appellee.
Before WATKINS and FOIL, JJ., and THOMAS W. TANNER[1], J. Pro Tem.
THOMAS W. TANNER, Judge Pro Tempore.
This appeal raises the issue of a business owner's liability for injuries sustained by a patron as a result of the criminal acts of a third party, committed on the business premises. The plaintiff, Sheree Ann Green, appeals the grant of a summary judgment in favor of the defendant, Infinity International, Inc., finding no liability on the part of the defendant for the fatal shooting of Ms. Green's mother, which occurred by an armed assailant in front of the defendant's place of business. Because there are no genuine issues of material fact regarding liability in this matter, we affirm the judgment of the trial court.

Background Facts
Margie Toney, the decedent, was employed by the defendant at its principal place of business, Fabric Care Center, a commercial laundry located at 2928 Government Street, in Baton Rouge, Louisiana. On or about March 3, 1993, Ms. Toney was scheduled to work at the laundry, but she called in and asked for the night off. Chia Hsu, one of the defendant-owners of the Fabric Care Center, agreed to work Ms. Toney's shift. At approximately midnight, Ms. Toney arrived at the laundry and began helping load a friend's laundry into the friend's car. While doing so, Ms. Toney was approached by an armed assailant who shot her. Ms. Toney died thirteen days later, allegedly as a result of the injuries received by the gunshots. Her daughter, Ms. Green, filed this wrongful death action alleging that defendant had a duty to provide adequate security and/or to warn Ms. Toney of the dangers of an armed attack, and its failure to do so was a direct cause of Ms. Toney's death. The trial court adopted the reasoning employed in defendants' memorandum and granted summary judgment. The plaintiff appeals.

Summary Judgment
The burden is on the mover for summary judgment to show that no genuine issue of material fact exists. To satisfy this burden, the mover must show that it is quite clear what the truth is and exclude any real doubt as to the existence of a material fact. However, the adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. La.C.C.P. art. 966; Perkins v. K Mart Corporation, 94-2065, (La. *236 App. 1st Cir. 6/23/95), 657 So.2d 725, writ denied, 95-2058 (La. 11/13/95), 662 So.2d 477.
The evidence submitted by defendant in support of the summary judgment consisted of the affidavits of Liang Tse Hsu and Chia Wei Hsu, father-son owners (through Infinity International, Inc.) of Fabric Care Center. These affidavits establish that neither man had any personal knowledge of any previous criminal activity either at their place of business or in the general neighboring area.

Duty
In Louisiana law, the duty-risk analysis has been employed to resolve the issue of a business establishment's liability to a patron for criminal assault by a third party. The first prong of this analysis is whether there was a duty on the part of the defendant to protect against the risk involved. Duty is a question of law. Generally, there is no duty to protect others from the criminal activities of third persons. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). Nevertheless, any business which invites the company of the public must take "reasonably necessary acts to guard against the predictable risk of assaults." Harris, 455 So.2d at 1369, citing Banks v. Hyatt Corporation, 722 F.2d 214, 227 (5th Cir. 1984). More specifically, a business which has particular knowledge of the impending occurrence of a criminal act has a duty to protect. Furthermore, a duty arises when there is, or should have been, an awareness of a pattern of conduct which made the particular injury-causing criminal conduct foreseeable. Prior criminal activity, therefore, may be considered in determining foreseeability. Jacobs v. Parsons, Inc., 572 So.2d 360, 362 (La.App. 1st Cir.1990). The duty of a business owner to take reasonable care for the safety of its patrons does not extend to unforeseeable or unanticipated criminal acts of independent third parties. Therefore, liability can be imposed only when the proprietor knows, or should know of the potential danger caused by criminal activity. See Sutter v. Audubon Park Commission, 533 So.2d 1226, 1231 (La.App. 4th Cir.1988), writ denied, 538 So.2d 597 (La.1989).
Based on the affidavits submitted by defendant in support of its motion for summary judgment, the criminal act committed on Ms. Toney in front of the Fabric Care Center was a random, unforeseeable, unanticipated act of an independent third party. Both Mr. Hsu and his son attested to the fact that neither of them had any knowledge whatsoever of the third party assailant's intent to shoot Ms. Toney. The plaintiff has not presented any evidence to contradict this testimony, or to establish that either man should have known of the potential danger. Under these facts and circumstances, we find no genuine issue of material fact remaining; defendant's duty to take reasonable care for the safety of its patrons did not extend to this unforeseeable criminal act. Perkins, 657 So.2d at 730. Accordingly, summary judgment was proper; that judgment is affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.