712 So.2d 583 (1998)
Brenda Jo Thomas GARDNER
v.
Albert Lee GRIFFIN and The City of Baton Rouge/Parish of East Baton Rouge.
No. CA 97 0379.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*585 Mark Marinoff, Michael E. Ponder, Mary E. Roper, Baton Rouge, for Defendant/Appellant City of Baton Rouge/East Baton Rouge Parish.
Floyd J. Falcon, Jr. Baton Rouge, for Plaintiff/Appellee Brenda Jo Thomas Gardner.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Defendant, the City of Baton Rouge, Parish of East Baton Rouge (City-Parish) appeals a trial court judgment, entered after a jury trial, finding defendant liable for damages in the amount of $20,000.00, and assessing court costs in the amount of $328.50. Plaintiff, Brenda Jo Thomas Gardner (Thomas), answered the appeal, seeking an increase in general damages and an award of medical expenses. For the following reasons, we affirm the judgment regarding the City-Parish's liability, the award for damages, and the assessment of court costs. We amend the trial court judgment to award medical expenses to Thomas in the amount of $1,744.00.

FACTS AND PROCEDURAL HISTORY
Jazz Enterprises, Inc. leased parking spaces in the Centroplex Parking Garage from the City-Parish, and Jazz Enterprises, Inc. sublet some of these spaces to the Department of Economic Development for the State of Louisiana (DED). On the morning of October 12, 1993, at approximately 7:00 a.m., Thomas, who worked for the DED, arrived for work and parked her car on the first level of the Centroplex West Parking Garage, which was owned and operated by the City-Parish. Because the lot is built into *586 the side of a hill, she had to walk down one story to arrive at street level. She walked down the stairs and attempted to push open the door to leave the stairwell; however, as she pushed the door open, defendant, Albert Lee Griffin, grabbed her around the waist from behind and attempted to drag her underneath the stairs. Thomas fought with her attacker, biting his ear, and was able to prevent him from raping her. However, she sustained physical and emotional injuries from the struggle.
Thomas filed a petition against the City-Parish, Jazz Enterprises, Inc., and Griffin. Plaintiff's claims against Jazz Enterprises, Inc. were dismissed, and trial eventually proceeded against the City-Parish and Griffin.[1] Thomas based her allegations of liability on the part of the City-Parish on its failure to provide security and adequate lighting in the garage when it knew or had reason to know that such attacks and other criminal activity were likely to occur.
The case was tried to a jury which ruled in favor of Thomas, and against Griffin and the City-Parish, assessing Griffin with 75% fault and the City-Parish with 25% fault. The jury verdict form and the minutes indicate the jury awarded Thomas $20,000.00 for past and future mental anguish and $20,000.00 for past and future physical pain and suffering, but declined to award plaintiff lost wages, loss of earning capacity, or medical expenses. On December 17, 1996, the trial court signed a judgment, which cast the City-Parish for $20,000.00. The judgment also assessed the defendants with $328.50 in court costs.[2]
The City-Parish appeals, assigning error to: (1) the jury's finding of any fault on the part of the City-Parish; (2) the trial court's exclusion of a paragraph of the City-Parish's requested jury instruction pertaining to foreseeability; and (3) the trial court's exclusion of a requested jury instruction pertaining to plaintiff's need to prove a special relationship in order to establish duty.
Thomas answered the appeal, seeking medical expenses and an increase in the amount of general damages awarded.

DISCUSSION

Jury Instructions
The trial court is required to instruct the jurors on the law applicable to the cause submitted to them, pursuant to LSAC.C.P. art. 1792(B). In a jury trial, the judge has a duty to charge the jury as to the law applicable in a case and the correlative right and responsibility to require that the jury get only the correct law. It is the judge's responsibility to reduce the possibility of confusing the jury, and he or she may exercise the right to decide what law is applicable to prevent counsel from arguing law which the trial judge deems inappropriate. McCrea v. Petroleum, Inc., d/b/a Race Trac, 96-1962, p. 3 (La.App. 1st Cir. 12/29/97); 705 So.2d 787, 791. The judge is not required to give the precise instruction submitted by either party, but must give instructions which properly reflect the law applicable in light of the facts of the particular case. A charge must correctly state the law and be based on evidence adduced at trial. Adequate instructions note the issues presented in the pleadings and evidence and provide accurate principles of law for the jury's application thereto. McCrea, 96-1962, p. 3; 705 So.2d at 791. Whether or not to include a requested jury instruction is a matter within the wide discretion of the trial court and the court's decision will not be overturned absent abuse of that discretion. Richard v. St. Paul Fire and Marine Insurance Company, 94-2112, p. 8 (La.App. 1st Cir. 6/23/95); 657 So.2d 1087, 1091.
At trial, the City-Parish requested that the trial court include the following language *587 on foreseeability, but only the first paragraph was included in the charge to the jury:
In determining whether or not the intentional or criminal act of a third person is foreseeable, you should take into account the surrounding circumstances such as prior history of similar acts at that location or any threats of such acts at that location and any other factor which would indicate to a reasonable person that a criminal act at a particular location is likely.
However, I instruct you that the simple fact that a criminal act may occur at any location at any time does not, by itself, create a duty upon the owner of property to protect the patron(s) from all criminal acts of a third person.
On appeal, the City-Parish contends in its second assignment of error that the trial court erred in failing to include this requested language in the jury charge.
Foreseeability is an essential element in determining whether the City-Parish had a duty to protect Thomas against criminal acts by third persons and whether it breached that duty. Although a business establishment is not the insurer of the safety of its patrons, it is under a duty to take reasonable care for the safety of its patrons. Perkins v. K-Mart Corp., 94-2065, p. 5 (La. App. 1st Cir. 6/23/95); 657 So.2d 725, 729, writ denied, 95-2058 (La.11/13/95); 662 So.2d 477. A business which invites the public onto its premises must take "reasonably necessary acts to guard against the predictable risk of assaults." Green v. Infinity International, Inc., 95-2356, p. 3 (La.App. 1st Cir. 6/28/96); 676 So.2d 234, 236. A business which has particular knowledge of the impending occurrence of a criminal act has a duty to protect. Moreover, a duty arises where circumstances indicate the establishment knew or should have known of the possibility of injury-causing criminal conduct due to a pattern of prior criminal activity which made the particular conduct foreseeable. Green, 95-2356, p. 3; 676 So.2d at 236. However, a business establishment's duty excludes criminal acts of independent third parties when such acts are unforeseeable or unanticipated. Green, 95-2356, p. 3; 676 So.2d at 236.
Although, the trial court was required to instruct the jury to consider prior criminal acts in the parking garage, it was not required to give the precise limiting instruction requested by the City-Parish. It is clear from the instructions given that the jury was adequately informed that the mere possibility of crime does not equate to foreseeability absent prior criminal acts at the parking garage. The instructions given adequately instructed the jury regarding foreseeability and the duty of a property owner to protect the public from criminal acts. See Willie v. American Casualty Co., 547 So.2d 1075, 1081-1082 (La.App. 1st Cir.), writ granted in part on other grounds and remanded, 553 So.2d 467 (La.1989), on remand, 576 So.2d 1023 (La.App. 1st Cir.1991).
The trial court also refused to give the City-Parish's requested instruction that plaintiff herein was required to prove a special relationship in order to establish a duty. Defendant had requested that the jury be instructed as follows:
I further instruct you that before you may find that the City-Parish owed a duty to the plaintiff to protect her from the actions of Albert Lee Griffin, you must find that a "special relationship" existed between the City-Parish and the plaintiff. A "special relationship" exists where circumstances establish that the City-Parish had taken some action or made some representation which would have caused the plaintiff to reasonably believe that she was safe from criminal activity, so that the plaintiff would have been justified or reasonable in not taking actions she would otherwise have taken for her own protection. It is plaintiff's burden to introduce evidence to prove that a "special relationship" existed or that the City-Parish had made some representation about security to plaintiff. (citations omitted)
We also find no error or abuse of discretion in the trial court's refusal to give this instruction.
Although there are cases which deal with a duty based on a special relationship, such as that of an innkeeper to his guests, any business which invites the company of the public *588 must guard those patrons against the predictable risk of assaults where such criminal acts occur under circumstances where the assaults were reasonable foreseeable. Willie, 547 So.2d at 1082. Thus, there was no need for plaintiff to prove a special relationship before imposing a duty. While certain special relationships may saddle a defendant with a greater duty, Louisiana law recognizes that a general duty exists for a business establishment to take reasonably necessary acts to guard against the predictable risks of assault, even absent some special relationship, when such assaults are foreseeable. Green, 95-2356, p. 3; 676 So.2d at 236. Thus, the trial court committed no abuse of discretion in refusing to give the erroneous and misleading instruction to the jury that there must be a special relationship or specific representations about security and a patron's safety in order to find a duty on the part of the City-Parish.
These assignments of error lack merit.

Liability of the City-Parish
In Louisiana, the duty-risk analysis is used to determine a business establishment's liability to a patron for criminal assault by a third party. Green, 95-2356, p. 3; 676 So.2d at 236. To prevail under a duty-risk analysis, the plaintiff must prove (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached the duty; (3) that the breach was a cause in fact of the harm; and (4) that the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached. Perkins, 94-2065, p. 5; 657 So.2d at 729.
Whether a duty is owed is a question of law. Mundy v. Department of Health, 620 So.2d 811, 813 (La.1993). Applying the foreseeability precepts set forth above to the facts of this case, we find no error in the jury's determinations that the City-Parish owed a duty to Thomas; that the assault upon plaintiff in the garage was foreseeable; and that the City-Parish had breached the duty owed plaintiff herein.
The record shows that numerous complaints were made by patrons to the garage managers and administration. Thomas testified that she previously had complained to a supervisor in her office about the access people had to the stairwells. Correspondence and memoranda introduced at trial show complaints had been passed on to the management company for the garage.
Hope Hurst, the garage assistant manager, testified that although she had never received a report of anyone being attacked in the garage, there were problems with homeless people living in the stairwells in the garage and that patrons had reported this. She also stated that cars were vandalized and broken into on several occasions. Additionally, gangs of teenagers would ride their bikes up and down the ramps until she or the other assistant manager would make them leave. Another assistant manager, Charles Danny Smith, likewise confirmed that there had been prior criminal acts of vandalism and that cars were broken into on prior occasions. Michael Troy Rabalais, the assistant events manager, also testified regarding car thefts, vandalism, and windows being broken, in addition to the gangs of teenage bike-riders unlawfully loitering on the premises.
Gary Fontenot, a Baton Rouge City Police corporal assigned to the governmental building located near the parking garage, testified that he had processed complaints of vehicle thefts in the garage. An employee of DED testified that while his car was parked in the Centroplex Garage, it was spray-painted and broken into, and $500.00 worth of tools and equipment had been stolen. He had also seen the gangs of teens and stated he carried mace with him in the garage, as he felt it was necessary to protect himself.
Hurst also testified that no security was provided at the garage on any regular basis. There were no security officers or other personnel assigned to the garage on October 12, 1993, nor was there any agreement with the police officers assigned to the governmental building to provide security for the garage, other than an officer who would escort jurors to their cars if they were in the governmental building at a late hour. Hurst stated that although the door at the bottom of the stairs locks automatically, she had observed rocks and pebbles placed in the doorway to block the automatic locking device and had received *589 reports of garbage cans being put in the doorway to keep it open. There was also a problem with insufficient and ineffective lighting, which Hurst unsuccessfully had sought to cure.
Rabalais testified that even if the lighting problem and open door problem had been fixed, the garage would still not be secure as the public had access to the garage through an elevator in the West Garage which was never locked. Although building maintenance workers periodically checked for burned out lights, there were no security inspections made of the garage during the year preceding October 1, 1993.
After careful review of the record herein, we find ample support for the jury's factual findings herein. Based on the testimony noted above, we are unable to say that the jury was manifestly erroneous in its determination that the criminal assault upon plaintiff was reasonably foreseeable, and that the City-Parish had breached the duty of care owed plaintiff through its failure to take any reasonable steps to protect its patrons, such as plaintiff, from the predictable risk of assault.
Whether the defendant has breached his duty is a question of fact which cannot be set aside in the absence of manifest error or unless it is clearly wrong. Mundy, 620 So.2d at 813; Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Whether plaintiff's harm from defendant's breach of his duty was foreseeable and a cause in fact of plaintiff's harm is a question of fact which the appellate court cannot set aside absent manifest error. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1369 (La.1984); Stobart, 617 So.2d at 882.
This assignment of error also lacks merit.

General Damages

(Answer to Appeal)
The trier of fact is accorded much discretion in fixing general damage awards. LSA-C.C. art. 2324.1; Cheramie v. Horst, 93-1168, p. 6 (La.App. 1st Cir. 5/20/94); 637 So.2d 720, 723. The discretion vested in the trier of fact is great, "even vast," so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Youn, 623 So.2d at 1260. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award. Youn, 623 So.2d at 1261.
If the appellate court finds from the record that the trier of fact abused its discretion in awarding damages, the award may be disturbed only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded the trier of fact. Moore v. Safeway, Inc., 95-1552 (La.App. 1st Cir. 11/22/96); 700 So.2d 831, 853, writs denied, 97-2921, 97-3000 (La.2/6/98); 709 So.2d 735, 744.
The record reflects that Thomas suffered a bruised forehead, scratched face, superficial abrasions to the left-hand side of her face near her nose and upper lip, swelling over her right eye, and a contusion to her chest. In addition to her physical injuries, she suffered depression, isolation, fear of contracting AIDS, and detachment from others. Although we recognize the physical and mental suffering caused by this traumatic incident, we are unable to conclude the jury abused its discretion in awarding Thomas $40,000.00. Thus, we decline to disturb the jury's award of general damages.

Medical Expenses
A party may recover reasonable past and future medical expenses incurred as a result of an injury. However, a party must prove the existence of the injuries and that *590 the accident caused those injuries. The test is whether plaintiff has shown through medical testimony that more probably than not the trauma inflicted by the accident necessitated the subsequent medical treatment. White v. Longanecker, 93-1122, p. 9 (La.App. 1st Cir. 5/23/94); 637 So.2d 1213, 1218, writ denied, 94-1704 (La.10/7/94); 644 So.2d 640.
Dr. Trent James, plaintiff's family physician, testified that plaintiff's recurring soreness to her chest, aggravated bursitis of her shoulder and depression were brought about by the October 12, 1993 incident. It is clear from Dr. Trent's testimony that plaintiff's medical visits up to and including June 2, 1994, were related to injuries sustained in the attack. Thus, the jury erred in refusing to award these expenses. However, we find there is nothing to establish a causal connection between the assault and the reasons for doctor's visits subsequent to June 2, 1994, which were for unrelated complaints. Thus, we amend the trial court judgment to award the additional sum of $204.00 for recoverable expenses.
Becky Detmer, a board certified social worker who counseled Thomas, also testified that Thomas' depression, fears, and isolation were a direct result of the attack. Plaintiff's experiences after the attack were typical, as she suffered from post-traumatic stress disorder and major depression. We likewise find the jury erred in failing to include these expenses in the award to plaintiff. Thus, we additionally amend the trial court's judgment to award her $1,540.00, representing the total cost of plaintiff's counseling sessions with Detmer.

CONCLUSION
For the above and foregoing reasons, we affirm the trial court's judgment casting the City-Parish for damages and half of all court costs. We amend the judgment to award Thomas the additional sum of $1,744.00 in medical expenses, consisting of $1,540.00 for counseling charges and $204.00 for visits to the Baton Rouge Family Medical Clinic. Costs of this appeal in the amount of $1,489.74 are assessed against defendant, the City-Parish of East Baton Rouge.
AFFIRMED, AS AMENDED.
NOTES
[1] Jazz Enterprises, Inc., leased a designated number of parking spaces from the City-Parish for its tenants occupying commercial office facilities across the street from the parking garage. After Jazz filed a motion for summary judgment, Thomas filed a motion to dismiss this defendant, reserving her rights against the City-Parish and Griffin, which was granted by the trial court.
[2] It appears that the judgment is not in accordance with the jury's determinations. However, neither appellant nor appellee have raised this issue on appeal.