McDonald, j.
Lin this case the only issue on appeal is whether the trier of fact- could award future special damages without awarding future general damages. We find that under the circumstances of this case the district court did not abuse its discretion in awarding future, special damages without awarding future general damages, and we affirm the district court judgment.
FACTS AND PROCEDURAL HISTORY
The plaintiff, Lana Averette, was driving on the Highway 1 exit in Port Allen, Louisiana when her car was rear-ended by an Entergy bucket truck driven by- Adam Phillips,' ah employee of Entergy Gulf States Louisiana, L.L.C. (Entergy). Ms. Averette suffered spinal injuries from the accident, and filed suit on June 11, 2013, asserting that she was injured in the accident, and naming as defendants Entergy and Mr. Phillips. At the conclusion of the trial on May 15, 2014, the jury returned a verdict in favor of Ms. Averette in the amount of $42,373.00 for past lost wages, $58,378.00 for past medical expenses, $75,000.00 for past mental anguish and emotional distress, $75,000.00 for past lost enjoyment of life; $75,000.00 for past pain and suffering, and $500,000.00 for future medical expenses, for a total award of $825,751.00 in-damages.
The district court entered judgment for Ms. Averette and against Entergy and Mr. Phillips in accordance with the jury verdict, and awarded the intervenors, Greater Louisiana Staffing, Inc. (Ms. Averette’s *18 employer) and Louisiana Construction and Industry Self Insurers Fund (Greater Louisiana Staffing, Inc.’s workers’ compensation self-insurer fund), $23,826.88 from the total damages award to Ms. Averette. Further, the district court judgment decreed that the intervenors “shall receive whatever statutory credit is due on their remaining workers’ compensation obligation, said credit to be fixed at a later date by a court of competent jurisdiction.”
IsEntergy and Mr. Phillips' filed a motion for judgment notwithstanding the verdict or alternatively a motion for new trial, maintaining that the jury erred as a matter of law and returned an inconsistent verdict by awarding future special- damages and no future general damages. In response, Ms. Averette filed an opposition to the motion for judgment notwithstanding the verdict, or alternatively, a motion for judgment, notwithstanding the verdict, maintaining that the jury verdict was not inconsistent, but that if the district court found the verdict inconsistent, it should remedy the situation by awarding Ms. Av-erette future general damages. The district court denied all of the motions.
ASSIGNMENTS OF ERROR AND ANALYSIS
Entergy and Mr. Phillips appealed, asserting that the district court erred in denying its judgment notwithstanding the verdict and alternatively its motion for new trial when the jury-.returned an inconsistent verdict that constituted legal error. Specifically,- they assert that the district court erred as a matter of law in awarding future special damages without awarding future general -damages. Ms. Averette filed an answer to the appeal, requesting that in the event this court finds that the jury verdict is inconsistent, it-make an award of future general damages based upon the record.[1]
- At trial, Ms. -Averette’s attorney argued she would need future spinal rhizotomies[2] and epidural steroid injections to prevent future pain and impairment to her future enjoyment of life and gainful employment. Ms. Averette’s attorney asked the jury not to award her future general damages, but to award her the cost of |4the future medical treatments. The jury 'gave Ms. Aver-ette the exact amount she asked for in every category of damages.
Entergy and Mr. Phillips maintain that because Ms. Averette waived her claim for future pain and suffering, which was the reason she would need, future medical procedures and medication, she waived her claim for future medical expenses. Enter-gy and Mr. Phillips argue that. the. law is clear that a plaintiff cannot have future medical expenses without future pain and suffering.
A jury verdict awarding medical expenses, but simultaneously denying *19 damages for pain and suffering will most often be found inconsistent in light of the record. The courts have acknowledged, however, that under certain circumstances the evidence of record supports both an award of medical expenses and a concurrent denial of general damages. Effectively, then, the ultimate question has been whether the factfinder made inconsistent awards and thus abused its discretion. Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70, 75. A reviewing court must ask whether the jury’s determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Only after the reviewing court determines that- the fact-finder has abused its much discretion can that court conduct a de novo review of the record. Id., 774 So.2d at 76.
Entergy and Mr. Phillips cite Cheramie v. Horst, 93-1168 (La.App. 1 Cir. 5/20/94), 637 So.2d 720, Verret v. Carline, 93-0508 (La.App. 1 Cir. 3/11/94), 634 So.2d 37, writ denied, 94-0842 (La.5/13/94), 637 So.2d 1070, and Sumrall v. Sumrall, 612 So.2d 1010 (La.App. 2 Cir.1993), in support of their argument. In Cheramie, the plaintiff was injured in an automobile accident and filed suit for damages. After a trial, the plaintiff was awarded future medical expenses but no future general damages. Claiming that the verdict was inconsistent, plaintiff filed a motion for new trial (rather than using a motion for judgment notwithstanding the | sverdict or JNOV), which was granted by the trial court. This court affirmed the judgment; finding that the new trial was a valid way to correct a legal error in the original jury verdict, and affirmed the judgment. Cheramie, 637 So.2d at 721-22.
In Verret, the plaintiff was injured in an automobile accident and filed suit for damages. In that case, the jury awarded damages for medical expenses, past and future, but no general damages. The plaintiff filed a motion for JNOV, which was granted by, the trial court. The trial court amended the award to add damages for pain and suffering, aggravation of preexisting condition, and new physical injuries. On appeal, this court found that the.trial court properly granted the JNOV where the plaintiff suffered injuries-in an accident and was awarded special damages but no general damages, and affirmed the judgment. Verret, 634 So.2d at 38-40.
In Sumrall, the plaintiff, was injured by her ex-husband while divorce, proceedings were pending. Plaintiff filed suit for damages, and the jury awarded medical damages but no general damages.. Plaintiff filed a motion for JNOV, which the trial court granted, increasing her medical awards and awarding her general damages. The defendant appealed the judgment. The appellate court found that the jury made a legal error in awarding special damages for medical expenses but failing to award general damages, and affirmed the judgment. Sumrall, 612 So.2d at 1012-16.
Generally, when a party complains about an inconsistent verdict because future special damages were awarded and future general damages were not awarded, it is the plaintiff asking to be awarded future general damages in addition to the future special damages that were awarded. This appeal presents the issue in a different posture, wherein the defendants are maintaining that because future special damages were awarded without an award of future general damages, the future special damages award should be vacated because without future pain and |6suffering, there is no need for future medical treatment. Entergy and Mr. Phillips have cited no cases wherein an award of special damages for medical expenses has been *20 vacated because there was no award of general damages.
Ms. Averette asked for future medical treatments to minimize and prevent pain, and that was what the jury awarded. Ms. Averette did not ask for1'future general damages because she would have minimal pain and suffering between medical procedures. Ms. Averette’s attorney revealed his trial strategy in his closing* argument as follows:
We’ré going to put all our eggs in that radiofrequency ablation, the nerve burning. We’re going to put all our eggS in the epidural basket and ask'you to give an award only for that, only for that; and give her twenty years of that.'' By'-my math if she1 gets twenty years of the epidurals, that’s three hundred thousand dollars ($300,000). If she gets twenty years of the nerve burning, that’s two hundred' and twenty thousand ($220,'-0Ó0). Let’s round up and just keep it at five hundred thousand dollars' (500,000).
' It’s a lot of money; but it’s a lot'of médical. 'She’s going to have to have that. There is no evidence, whatsoever, that she’s not going to have to have that. There’s nothing, zero, zip, de nada. Every doctor said the same thing. And if she doesn’t get those, then she’s going to have to have a surgery which is going to bump up that number. We’re saying let’s be conservative, but make sure that when she leaves here that you've given her the tools- that she needs to do her job. She’s not asking you to. pay for her to sit at -home and watch. Jerry Springer. She’s not asking you to do anything but give her -what she needs, not what she wants because you’ve already heard this is uncomfortable. It’s what she needs.
Before I get to the past pain and suffering and the-past issues, I want to talk about the future. Again, we’re going to- put our money where our mouth is. If this-stuff is working, why would she have pain? Why would she have suffering? Why would she have mental anguish? Now, let’s be honest. She’s going to have some because she’s going to have- to miss work.: She’s going to have to do all of this, but I’m going to put my money where my mouth is, zero. Future mental anguish, zero; future loss of enjoyment of life, zero. We’re asking you put the eggs in that basket. We’re taking a chance. Lawyers do not usually come in-and say this is where we want to . go. They don’t put in on [the] line like this.- You’ve heard- the evidence. I’m1 asking you. to put it on the line, and what-kind of guy would I be if I didn’t. Even if she’s'going to have it, even if she’s going to -have risks, even if she’s going to have- pain, even if she’s going to have bad days, I’m asking you to make some leaps. I have to as well.
[¿Clearly, Ms. Averette’s attorney made a strategic decision to ask for twenty years ■of conservative medical treatment and no «future general damages, effectively waiving future general damages. The jury listened to the evidence regarding Ms. Aver-ette’s injuries and future medical needs, and decided to award Ms. Averette exactly what she asked for in each category of damages, including $500,000.00 for future medical treatment and no award for future general damages. Obviously, the jury agreed -with Ms, Averette’s treatment plan and agreed With her counsel’s closing argument that she was foregoing future general damages and asking for twenty years of conservative future medical treatment. Thus, the jury’s verdict was not inconsistent in light of Ms. Averette’s request.
ANSWER TO THE APPEAL
- Ms. Averette’s answer to the appeal requested that only-if this court found that the verdict was inconsistent, we award her *21 future general damages based upon the evidence in the record. As we haveiound that the jury verdict was not inconsistent, we need not address Ms. Averette’s answer to the appeal.
CONCLUSION
Under the particular facts of this case, we cannot say' that the district court abused its discretion in giving Ms. Aver-ette future special damages and no future general damages award. For the foregoing reasons, the district court judgment is affirmed. Costs of this appeal are assessed against Entergy Gulf States, L.L.C. and Adam Phillips.
JUDGMENT AFFIRMED; ANSWER TO THE APPEAL RENDERED MOOT.
THERIOT, J., dissents with reasons.

. Greater Louisiana Staffing, Inc. and Louisiana Construction and- Industry Self Insurers Fund filed an answer to the .appeal on February 5, 2015, stating that it had paid and continued to pay workers’ compensation benefits to Ms. Averette arising out of the accident, and asking that the judgment in their favor be increased to include any and all workers' compensation benefits paid to Ms. Averette from the date of the judgment forward, and that otherwise the judgment be affirmed. Thereafter, .the intervenors/appel-lee's reached an agreement with Ms. Averette for reimbursement, and on August 12, 2015, the intervenors/appellees filed a motion to have their answer to the appeal dismissed as moot. Accordingly, the intervenors/appellees’ answer to the appeal was dismissed by this court on August 12, 2015.

. These are procedures wherein nerve endings are burned to diminish pain temporarily (referred to by Ms. Averette’s attorney as ra-diofrequency ablation). Nerve endings regrow and the procedures have to periodically be repeated.